FREDERIC W. SWIFT ET AL. v. PAUL PLESSNER.

*Attachment—Bond—Damages—Special questions.*

The bond in attachment covers a reasonable counsel fee for
defendant on obtaining a dissolution of the attachment.

It is not error to refuse to submit to a jury inconclusive special
questions, answers to which would not control a general verdict.

It is proper to leave the jury, in view of all the evidence, to esti-
mate the injury and loss to the business of a defendant in
attachment during the time that plaintiff was in possession of
his place of business.

A verdict assessing damages is not to be set aside merely because
it does not appear exactly how it was made up.

Error to Superior Court of Detroit. Submitted June
14. Decided June 21.

DEBT on attachment bond. Defendants bring error.

*C. H. Freeman, S. S. Babcock,* and *Meddaugh &
Driggs* for plaintiffs in error. Counsel fees on dissolu-
tion of an attachment are not recoverable in an action
on the bond, *White v. Wyley,* 17 Ala., 167; *Shultz v.
Morrison,* 3 Metc. (Ky.), 98; in a suit on an attach-
ment bond the measure of damages is the actual loss
and expense caused by the writ, excluding remote
damages, Sedg. Damages, [6th ed.] 488, n.; *Campbell v.
Chamberlain,* 10 Ia., 337; and if damages have been
suffered that cannot be considered under the strict rule
that measure damages in actions on contracts, there is
a common law remedy, the remedy on the bond being
cumulative, *Selden v. Cashman,* 20 Cal., 56; *Reidhar v.
Berger,* 8 B. Mon., 160.

*Crofoot & Kudner* for defendant in error. Counsel
fees should be allowed on dissolution of writs of attach-
ment and similar writs, *Offut v. Edwards,* 9 Rob. (La.),
90; *Trapnall v. McAfee,* 3 Metc. (Ky.), 34; *Jones v.*

*Doles,* 3 La. Ann., 588; *McRae v. Brown,* 12 id., 181; *Phelps v. Coggeshall,* 13 id., 440; *Hill v. Logan,* 19 Ala., 344; *Seay v. Greenwood,* 21 id., 496; *Behrens v. McKenzie,* 23 Ia., 333; *Misner v. Bullard,* 43 Ill., 476; *Ah Thaie v. Quan Wan,* 3 Cal., 216; *Derry Bank v. Heath,* 45 N. H., 524; *Brown v. Jones,* 5 Nev., 374; *Morris v. Price,* 2 Blackf., 457; *Hayden v. Sample,* 10 Mo., 215; *Aldrich v. Reynolds,* 1 Barb. Ch. 613; *Corcoran v. Judson,* 24 N. Y., 106; *Andrews v. G. W. Co.,* 50 N. Y., 282; so should damages for injury to one's business by being deprived of the use and enjoyment thereof, Drake on Attachment, § 175; Sedg. Damages [6th ed.] 409, n; *Dunning v. Humphrey,* 24 Wend., 31; *Cox v. Robinson,* 2 Rob. (La.), 313; where damages cannot be estimated with certainty, all facts tending to show the probable amount may be given to the jury to enable them to make the most probable estimate which the nature of the case will permit, *Allison v. Chandler,* 11 Mich., 545; *Burrell v. N. Y. & Sag. Solar Salt Co.,* 14 Mich., 34; *Warren v. Cole,* 15 Mich., 273; *Gilbert v. Kennedy,* 22 Mich., 128; *Winchester v. Craig,* 33 Mich., 209; *Haynes v. Knowles,* 36 Mich., 410; *Hill v. Rushing,* 4 Ala., 212; and the verdict is conclusive, *Wehle v. Butler,* 61 N. Y., 246.

COOLEY, J. Swift, one of the plaintiffs in error, sued out in justice's court an attachment against the goods and chattels of defendant in error, by virtue of which his stock in trade as a druggist was seized, and a keeper put in possession. This possession continued for a week, the shop being kept open in the meantime, and all calls responded to. When the attachment was sued out, it became necessary for Swift to give the statutory bond, the condition of which was that he would pay the defendant all damages and costs he might sustain by reason of the issuing of the attachment if the plaintiff should fail to recover judgment in the suit. Plessner, after his stock was attached, employed counsel to move

for a dissolution of the attachment, and this was done successfully, and the attachment suit failed. His counsel charged him twenty-five dollars for services in obtaining a dissolution of the attachment.

This suit is brought upon the attachment bond, and the questions raised concern the measure of damages. It is conceded that the officer took from the shop seventeen dollars with which Swift must be charged. The court below directed the jury to allow a reasonable attorney fee on the application to dissolve the attachment, and also instructed the jury as follows:

"You should also take into consideration whether there was any loss or injury to the business during the period defendants were in possession under the writ of attachment, and if you shall find it was an injury, you should allow such sum as shall be fair and right and just—not too large nor too little; and for that purpose you will look at all the testimony that has been presented, and arrive at it in such a way that you shall think it just."

There was evidence from which the inference was admissible that Plessner's sales were diminished during the possession of the keeper, and that an actual loss resulted to him in consequence. The defendants requested the court to submit to the jury the following questions:

1. What amount of profits, if any, did the plaintiff lose during the time the keeper was in possession?

2. What would the profits of the plaintiff's business have been during the time the keeper was in charge, had he not been disturbed in possession?

3. What were the profits received and turned over to the plaintiff during the time the keeper was in charge?

The court refused to submit these questions, but left the case to the jury for a general verdict, and they awarded the plaintiff the sum of $102. As it is reasonable to infer that the counsel fee of $25 was allowed, the loss to the business would seem to have been estimated at sixty dollars.

I. There was nothing unreasonable in the allowance of the counsel fee. It was a necessary expense incurred because of the suing out of the attachment and to get

rid of the lien; and therefore constituted a part of the damages suffered. The bond contemplates a contest over the right to maintain the suit; and it must be understood as embracing the expenditures which the suit renders necessary.

II. There was no error in declining to submit to the jury the specific questions. Neither of them was at all conclusive, and whatever may have been the answers to them, they would not have controlled a general verdict. *Crane v. Reeder*, 25 Mich., 303; *Harbaugh v. Cicott*, 33 Mich., 241. The loss to the business might have been considerable even though the temporary loss of profits was little or nothing.

III. The instruction to the jury seems to us correct. It allowed no speculative damages. The case was one in which it was impossible to estimate the damages as they might be computed on a note or on a sale of produce; but that is no reason why damages should not be allowed. *Burrell v. New York etc. Salt Co.*, 14 Mich., 34.

Such elements of certainty as the case admits of are to be submitted to the jury, and unless they abuse their discretion, their verdict is not to be set aside merely because exactly how it was made up cannot be shown. In this case there is no room for a suggestion that the jury awarded excessive damages.

The judgment must be affirmed with costs.

The other Justices concurred.