# JANUARY TERM, 1886.*

JOHN P. DERBY AND MICHAEL JEFFERS v. CHAUNCY H. GAGE, JUDGE OF THE SAGINAW CIRCUIT COURT.

*Railroad company—Right of way—Condemnation proceedings to acquire—Damages and costs awarded owner of land—Cannot be collected by execution—If not paid in sixty days, after confirmation of report of jury by the court, railroad company is deemed to have abandoned all rights under the proceedings.*

1. Proceedings to condemn land for right of way, by a railroad company, are purely statutory and the remedies therein provided are *exclusive* and cannot be extended beyond those contained in the act.

2. The failure of a railroad company to pay or deposit the damages, costs, expenses and counsel fees awarded in condemnation proceedings, within sixty days after confirmation of the report of the jury, by the court, is a waiver and abandonment of such proceedings and prevents the company from acquiring any rights in the land sought to be condemned thereunder: *Stacey v. Vermont Cent. Ry. Co.*, 27 Vt. 39; *Chicago & M. R. Co. v. Bull*, 20 Ill. 218.

3. An execution cannot issue for the collection of such damages or costs, the statute failing to provide therefor.

Mandamus. Heard January 26, 1886. Denied February 10, 1886.

The facts are stated in the opinion.

*Camp & Brooks* and *B. M. Thompson*, for relators:

Respondent excuses himself from enforcing the order made for the payment of costs, on the ground that the statutes providing for condemnation proceedings make no provision for such enforcement. Conceding this fact, yet the

---

court has power to enforce the order which the statute requires it to make. We have two general statutes giving courts of record power to enforce their orders: How. Stat. § 7257, which has been construed in *Haines v. Haines*, 35 Mich. 138; *North v. North*, 39 Mich. 67; also How. Stat. § 7260, which has been passed upon in *Brown v. Brown*, 22 Mich. 299; *Steller v. Steller*, 25 Mich. 159. This case falls within these sections. The circuit court made an order directing the payment by the railroad company to relators of a definite sum which the company refused to perform. Due proof was made of a demand and such refusal, and the company, in answer to an order to show cause deny the *power* of the court to enforce its order. The company is clearly in contempt and the circuit court should be directed to enforce its order. Being a corporation, the proper remedy is by a writ of distringas: *Worden v. Orange Co. Bank*, 1 Wend. 309; *People v. Richardson*, 4 Cow. 100–11, note.

*C. S. Draper*, for respondent.

CHAMPLIN, J. It appears from the petition of the relators and the return of the respondent that the Flint & Pere Marquette Railroad Company applied by petition for a right of way for its railroad through Water street in the city of East Saginaw.

A jury was impaneled to determine the damages and compensation to be awarded to the owners, of whom there appears to have been fifteen or more, and who appeared by seven different attorneys. The jury awarded damages to John P. Derby to the amount of $1,000, and to Michael Jeffers to the amount of $1,600. The report of the jury was confirmed on the motion of the company by an order of the circuit court. Thereafter the court made an order that the Flint & Pere Marquette Railroad Company, in addition to all other costs, pay to the several parties attorney's fees, specifying the amount, in addition to a percentage on the damages allowed to such parties. This order was afterwards modified so as to allow the sum of $485 to be distributed among the attorneys in specified sums. The relators appeared in the condemnation proceedings by Messrs. Camp and Brooks as their attorneys, and the amount to be distributed to them was fixed by

the court at $105, and their other costs were taxed at $2.06.

Section 15 of act No. 133 of the Session Laws of 1883 enacts:

" Whenever any lands are condemned to the public use by any railroad company under the provisions of this act, such company shall pay to the owners and other persons interested in the lands condemned, in addition to the damages and compensation awarded by the commissioners or jury, a reasonable attorney fee, to be fixed and determined by the court when the report or verdict is confirmed, or as soon thereafter as may be, and the attorney fee so allowed, together with witness fees and other costs and disbursements, to be taxed as in civil actions, shall be paid, tendered, or deposited, with the damages or compensation as hereinafter provided, before such company shall have any right to enter upon or take possession of the lands condemned."

Section 23, of the general railroad law, provides that upon recording in the office of the register of deeds for the county in which the lands lie a certified copy of the order of confirmation in the book of deeds, and on the payment or deposit by the company of the sum to be paid as compensation for such land, and for costs, expenses, and counsel fees as aforesaid, the company shall be entitled to enter upon and take possession of and use the land, and the owner shall be divested of all right, estate, and interest therein until it shall be again legally vested in such owner:

" Provided, the said sum to be paid as damages and compensation, and costs, expenses, and counsel fees as aforesaid shall be paid by the company, or deposited as provided in this act, within sixty days after the confirmation of said report by the said court, and in case said company fail or neglect so to do, such failure or neglect shall be deemed as a waiver and abandonment of the proceedings to acquire any rights in said land or property."

The railroad company failed to pay or deposit the money within the sixty days after the confirmation of the report, and thereby waived and abandoned the proceedings to acquire such land.

These proceedings are purely statutory and the remedies therein provided are exclusive, and cannot be extended beyond those contained in the act. The statute places the damages and compensation awarded by the jury or commissioners, and costs and counsel fees upon the same footing, and unless these are all paid within the sixty days, the title of the owner is not divested, and does not vest in the company: *Stacey v. Vermont Cent. R. Co.*, 27 Vt. 39; *Chicago & M. R. Co. v. Bull*, 20 Ill. 218. There is no provision in the law authorizing the issue of execution to enforce payment of either damages or costs.

It follows that the application of the relators for a mandamus, to compel the circuit judge to issue a *distringas* to enforce collection of the costs, must be denied.

The other Justices concurred.