*In re* SVITOJUS' ESTATE.

SVITOJUS *v.* SMOLENSKI.

1. EXECUTORS AND ADMINISTRATORS—NEGLECT OF DUTY BY FIDUCIARY—REMEDY OF HEIRS AND LEGATEES.

If an administrator neglects his duty to collect assets for an estate, the law affords heirs or legatees a remedy, but it will not permit them to represent the estate in the prosecution of suits.

2. Same—Distribution of Estate—Payment of Debts, Charges and Expenses of Administration.

Before the probate court can determine heirs and order distribution of any residue, it must determine that all debts, charges and expenses of administration are paid or sufficient funds are on hand for that purpose (3 Comp. Laws 1929, §§ 15728-15730).

3. Appeal and Error—Probate Court—Final Order—Interest of Administrator.

Probate court order requiring administrator to pay attorney for heirs a sum of money to reimburse him for expenses of litigation on their behalf to extent that it purported to dissipate a part of the funds of the estate was a final and appealable order and one in which the administrator has an appealable interest since he has the duty to protect the estate from unlawful demands (3 Comp. Laws 1929, §§ 15728-15730).

Chandler, J., dissenting.

Appeal from Kent; Brown (William B.), J. Submitted October 16, 1940. (Docket No. 85, Calendar No. 40,917.) Decided January 6, 1941.

In the matter of the estate of Joseph Svitojus, deceased. Jouzas Svitojus and Zuzana Svitojus petitioned for allowance of legal expenses. Claim allowed. On appeal to circuit court. Appeal dismissed. Defendant appeals. Reversed and remanded.

*Fred P. Geib,* for plaintiffs.

*John M. Dunham,* for defendant.

Boyles, J. Plaintiffs are residents of Lithuania, parents and heirs at law of Joseph Svitojus, deceased. Defendant John J. Smolenski is administrator of his estate. In May, 1936, Fred P. Geib, an attorney, entered into an arrangement with the Lithuanian consul representing plaintiffs to bring

suit on their behalf to recover certain claimed assets of said estate. The attorney agreed with the consul to represent the claimed heirs as attorney and try their case, the consul to provide funds for necessary disbursements not to exceed $100. For the services of himself and one other, Mr. Geib and his associate were to receive $500 if the litigation was unsuccessful; and, if successful, they were to receive 33-1/3 per cent. of the recovery over and above certain amounts. Mr. Geib brought suit to recover certain claimed assets on behalf of these heirs in the United States district court for the western district of Michigan, but was unsuccessful and the suit was dismissed. He then brought suit in circuit court for the county of Kent, in chancery, on the same or similar grounds, which suit was likewise dismissed and an appeal taken to this court from such dismissal. The appeal was decided by this court adversely to plaintiffs and the dismissal of plaintiffs' bill of complaint was affirmed. *Costs in that case were allowed against Mr. Geib's clients. Svitojus* v. *Kurant,* 293 Mich. 291.

While the above appeal was pending, Mr. Geib filed a petition in the probate court on behalf of his clients stating that certain expenses had been incurred in preparing the above case in the Supreme Court and asking for an order directing John J. Smolenski, as administrator of the estate of Joseph Svitojus, deceased, to pay the same amounting to $200.05 to him as attorney for said petitioners. The administrator filed objections to granting this petition, claiming lack of authority by the court, that the items of expense were not proper administrative expenses of the estate, that they could be paid only out of residue assigned to the heirs at law under an order determining heirs and assigning residue; and further claiming that continued litigation might

deplete the estate whereby there might not be enough funds to pay administrative expenses. The probate court entered an order directing:

"Therefore, It is hereby ordered, that John J. Smolenski, administrator of said estate, be, and he hereby is, authorized and directed to pay forthwith to Fred P. Geib, attorney for said Juozas Svitojus and Zuzana, the total sum of two hundred and 05/100 ($200.05) dollars, to be disbursed by Fred P. Geib for the following items:

| | |
|---|---:|
| "Appeal fee | $ 5.00 |
| "Stenographer's fee, transcript, paid to W. S. Farrar | 5.25 |
| "Entry fee, Supreme Court | 6.00 |
| "American Brief & Record, printing record (if paid before May 20) | 124.84 |
| "American Brief & Record, printing Plaintiffs-Appellants' brief (if paid before May 25) | 28.96 |
| "Preparing copy for printer—600 folios at five cents | 30.00 |
| "Total | $200.05 |

"Clark E. Higbee,
Probate Judge."

This order was appealed by the administrator and in the circuit court Mr. Geib moved to dismiss the appeal on the ground that the probate court order was not appealable, that it rested solely in the discretion of the probate judge, and that Smolenski, as administrator, had no appealable interest. The administrator filed objections to granting this motion with a supporting affidavit that there might not be enough money in the estate to pay the expenses incurred by him in litigation, to reimburse him for necessary expenses, and to pay his own fees, if allowed. The circuit court entered an order granting the motion and dismissing the appeal. The ad-

ministrator, upon leave granted, has appealed to this court from said order.

Counsel for appellant claims that the order of the probate court was a final order, that it was not an order for partial distribution to heirs at law, and that the administrator has a direct appealable interest therein. Mr. Geib relies upon the claim that the probate court order is a partial distribution to the heirs at law under the provisions of 3 Comp. Laws 1929, § 15728 (Stat. Ann. § 27.2893). This statute authorizes the probate court to "assign the residue of the estate, if any, to such persons as are by law entitled to the same," when the debts, funeral charges and expenses of administration shall have been paid, or sufficient effects reserved in the hands of the administrator for the above purposes. The statute above referred to and others in this opinion were in effect when the order appealed from was made. They have now been reenacted without substantial change in Act No. 288, chap. 2, §§ 95–97, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 16289-2 [95]—16289-2 [97], Stat. Ann. 1940 Cum. Supp. §§ 27.3178 [165]—27.3178 [167]) (probate code).

3 Comp. Laws 1929, § 15730 (Stat. Ann. § 27.2895), provides that no heir, devisee or legatee shall be entitled to such an order until payment of the debts and expenses shall have been made or provided for, unless he shall give a bond to secure the payment of his just share thereof and to indemnify the administrator against the same. In the order appealed from, the probate judge did not make any finding that the debts and expenses had been paid or provided for. No bond was filed as required. Neither did the order purport to assign the residue of the estate or part thereof "to such persons as are by law entitled to the same." In that connection, counsel apparently overlooks 3 Comp. Laws 1929, § 15729

(Stat. Ann. § 27.2894), which refers to the previous section authorizing an order assigning the residue of an estate, and provides:

"In such decree the court shall name the persons and the proportions or parts to which each shall be entitled; and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any other person having the same or any part thereof, after the expiration of sixty days from the date of such decree, unless an appeal shall have been taken therefrom, in which case they shall have the same right immediately upon the final termination of such appeal."

The probate court order appealed from is not an order assigning the residue, or any part of it, to heirs at law. It is an order directing the administrator to pay the attorney for the heirs a sum of money to reimburse him for expenses of litigation on behalf of the heirs, not on behalf of the estate. Mr. Geib was employed by the heirs, not by the estate, and his claim should be against the heirs, not against the estate. The estate itself does not owe Mr. Geib any money. This court, in *Svitojus* v. *Kurant, supra,* allowed costs against Mr. Geib's clients, and in favor of the estate. If the converse were true, there would be a basis for his claim for expenses against the estate. If an administrator neglects his duty to collect assets for an estate, the law affords heirs or legatees a remedy, but it will not permit them to represent the estate in the prosecution of suits. *Hillman* v. *Schwenk,* 68 Mich. 297.

This court cannot now adjudicate and determine in the present case the fact in dispute as to whether there will be any residue of this estate for final distribution to heirs at law. Before the probate court can determine heirs and order distribution of any residue, it must determine that all debts, charges

and expenses of administration are paid or sufficient funds are on hand for that purpose. The order appealed from purports to dissipate a part of the funds of the estate. It is a final order to that extent, and the administrator has a direct interest therein, on the record submitted in the case at bar. Aside from any personal interest, it is the duty of an administrator to protect an estate from unlawful demands.

Counsel for plaintiffs relies upon *In re Shadley's Estate,* 279 Mich. 156, and *In re McNamara's Estate,* 167 Mich. 406. In the *Shadley Case,* the probate court directed the executrix to pay a specific legacy to a legatee entitled to the same under the will, before the filing of her final account. No question was raised as to the sufficiency of remaining assets to pay the debts, expenses and allowances required by statute. In the *McNamara Case,* the probate court entered an order determining who were the heirs and granted leave to the administrator to make a partial distribution to the heirs. This court found there had been a compliance with the statute and upheld the order for partial distribution, there being sufficient effects reserved in the hands of the administrator. The facts in these cases readily distinguish them from the case at bar.

On the record submitted, the probate court order was a final order in which the administrator has an appealable interest. The order of the circuit court dismissing the appeal is set aside and the case remanded for hearing, with costs to defendant.

SHARPE, C. J., and BUSHNELL, NORTH, WIEST, and BUTZEL, JJ., concurred with BOYLES, J. MCALLISTER, J., concurred in the result.

CHANDLER, J. (*dissenting*). The records of this court disclose that the decedent was adjudicated an

insane person on or about January 16, 1925, by the probate court of Kent county and that he was confined in an asylum until his death, which occurred a short time prior to October, 1930. He left as his sole heirs at law a father and mother, residents of a foreign country, Lithuania.

At the time he was adjudicated insane, he was possessed of personal property consisting of cash in the approximate amount of $14,000, the same being on deposit in various banks.

One Joseph Kurant was appointed guardian, who filed his bond as such, with Frank D. McKay as surety in the sum of $10,000. The guardian's first annual account showed cash receipts of $14,056.85, disbursements of $647.05, and an investment from said receipts of $13,204.88 in land contracts. It subsequently developed that bondsman McKay had invested this money in his own land contracts and that the lands described therein were at that time subject to mortgages in excess of $12,000 that had been placed thereon by McKay. On November 7, 1930, appellant Smolenski, then a public administrator of the State of Michigan, was, on his own petition, appointed administrator of the estate of the deceased incompetent, and on January 20, 1931, acknowledged receipt from guardian Kurant of the sum of $13,738.81 belonging to the estate of decedent. On January 22, 1931, appellant filed his inventory in the probate court of Kent county showing the amount of $18,068.04 consisting almost entirely of land contracts on hand subject to mortgages amounting to $4,319.23.

On October 20, 1930, the Lithuanian consul at Chicago, representing the heirs of decedent, wrote to appellant as public administrator for information regarding the estate of decedent and on October 22d appellant gave said consul the following reply:

"There are no circumstances at present that need the attention of any attorney in your behalf at this time. Should any occasion arise you will be promptly notified by this office.

"The estate consists of mainly in several pieces of real estate, that the deceased sold by land contract, payments on which contracts are made monthly.

"The only known claim to date is a $500, or thereabouts, funeral bill, which was arranged by the brother of the deceased, to which I as administrator have no objection."

The statement in appellant's letter, "The estate consists of mainly in several pieces of real estate, that the deceased sold by land contract," was absolutely false. If it was through error that this statement was made, it was never corrected by appellant, and the truth was not discovered by heirs of the decedent until some years later.

On May 1, 1936, appellant administrator filed his final account in the probate court of Kent county showing a balance in his hands of cash in the sum of $2,556.29 after payment of all just debts, funeral expenses and expenses of administration.

On August 12, 1938, Hon. Clark E. Higbee, one of the probate judges in and for the county of Kent, in acting upon the allowance of said account, made the following findings:

"3. That the estate of Joseph Svitojus, deceased, has been fully administered and is ready for distribution except for the determination of the alleged liability of said Smolenski, Kurant and McKay, and the question of certain fees and expenses claimed by counsel for the administrator and by counsel for said petitioners. * * *

"5. That petitioners (father and mother of decedent) are the sole heirs at law of said deceased and are the lawful owners of all assets of said estate

subject to the payment of such claims for legal services and administration expenses, if any, as may be allowed by any court of competent jurisdiction.

"6. That sufficient funds are in the hands of John J. Smolenski, administrator, to satisfy all unsatisfied claims."

Upon such findings, the probate judge made an order which included the following:

"3. That the funds of said deceased now remaining in the hands of said John J. Smolenski, administrator, continue to be held by him subject to the order or orders of any court of competent jurisdiction and disbursed by him in accordance with such order or orders."

For full substantiation of the foregoing statement of facts, see *Svitojus* v. *Kurant*, 293 Mich. 291; and the record on file with this court in said cause.

It will be noted that, according to the order of Judge Higbee above referred to, the funds of said estate should remain in the hands of the appellant subject to the order or orders of any court of competent jurisdiction and be disbursed by him in accordance with such order or orders.

The probate court of Kent county is a court of competent jurisdiction and the only court authorized by law to make orders in connection with the administration of estates of deceased persons.

It is inconceivable for any one to believe that there are not funds in the hands of appellant more than sufficient to meet expenses of administration of the estate since the order of Judge Higbee and to pay the paltry sum directed to be paid to the attorney for the sole heirs at law of decedent to cover some of the expenses incurred by said heirs in the conduct of litigation heretofore had to enforce a remedy against those responsible for the misuse of the funds and the mismanagement of this estate.

We may call the order of Judge Higbee appealed from in the instant case, "An order to pay some of the expenses of litigation incurred by the heirs at law," "Advancement of funds to the heirs of decedent," or "Partial distribution of the estate of decedent," but the result is the same. It is in effect an order of the court directing the administrator to make a partial distribution of the estate of the deceased person, and such an order is contemplated by the statute. 3 Comp Laws 1929, § 15728 (Stat. Ann. § 27.2893) ; *In re McNamara's Estate,* 167 Mich. 406. The order did not provide for payment to the attorney of the heirs of a sum to reimburse him for expenses of litigation on their behalf, but was an order to pay to said attorney for said heirs the sum of $200.05 to be disbursed by said attorney for the items set forth in said order which were obligations of the sole heirs of said decedent incurred by them in the litigation above referred to.

The probate court may in its discretion make an order for partial distribution of an estate, and certainly in this instance there was no abuse of such discretion.

It is high time that some one other than McKay and Smolenski should receive some portion of this $14,000 estate, and we find that the court below did not commit error in dismissing the appeal of appellant from the order of the probate court authorizing a small payment for the benefit of the heirs of the deceased person.

This appeal is in our judgment most vexatious. It is without merit and should be dismissed with costs to appellee, and in addition, appellee should recover against appellant the sum of $100 for vexatious appeal.