*In re* SVITOJUS' ESTATE.

CLAIM OF SMOLENSKI.

1. Judgment—Res Judicata—Laches—Surcharge on Administrator's Account.

　　Losses on investments turned over to administrator of estate by guardian of estate of deceased who had been a mentally incompetent person were barred by laches previously applied in former appeal to this court.

2. Attorney and Client—Size of Fee.

　　Allowance of $4,000 as attorney fee was not excessive, notwithstanding the size of the estate, where there has been protracted litigation in both Federal and State courts resulting in four previous appeals to this Supreme Court.

Chandler, J., dissenting.

Appeal from Kent; Brown (William B.), J. Submitted October 8, 1943. (Docket No. 65, Calendar No. 42,528.) Decided December 29, 1943. Rehearing denied February 24, 1944.

In the matter of the estate of Joseph Svitojus, deceased. John J. Smolenski presented his final account as administrator. Account allowed. The heirs appealed to circuit court. Directed verdict and judgment allowing account with reduction in attorney's fee. Heirs appeal. Affirmed.

*John M. Dunham,* for administrator.

*Olis, VaSalle & Lapinskas* and *Fred P. Geib,* for heirs.

Effect of laches upon beneficiary's right to recover from trustee, see Restatement, Trusts, §§ 219, 327.

WIEST, J. This case threshes over old straw except as to attorney expenses awarded the administrator.

Joseph Svitojus, a resident of Kent county, was adjudged insane and committed to the Kalamazoo State Hospital on January 16, 1925. February 17, 1925, Joseph Kurant was appointed guardian of his estate of between $13,000 and $14,000 and gave bond as such. The guardian purchased from the surety on his bond certain land contracts subject to mortgages on the premises. August, 1930, Mr. Svitojus died in the hospital leaving, as his heirs at law, relatives in Lithuania. The guardian filed his final account and it was allowed. November 7, 1930, an administrator of the estate was appointed and the guardian turned over to him the assets of the estate. February 21, 1941, the administrator filed his supplemental final account, inclusive of expenses and attorney fees. In behalf of the Lithuanian heirs the account was contested and the court asked to surcharge the administrator with losses on the investments turned over to him by the guardian. The probate court allowed the final account as presented by the administrator and refused the request to surcharge. The heirs at law appealed to the circuit court for the county of Kent where, upon trial by jury, the court directed a verdict allowing the account with reduction of attorney fees to $4,000. This appeal by the heirs at law followed.

Matters sought to be surcharged are barred by laches, fully defined, set forth and applied in the opinion of this court in *Svitojus* v. *Kurant,* 293 Mich. 291. The attorney fees allowed in the circuit court would appear large, considering the size of the estate, if considered without knowledge of the protracted litigation appearing in *Svitojus* v. *Kurant, supra; In re Svitojus Estate (Svitojus* v. *Smolen-*

*ski*), 296 Mich. 19; *Smolenski* v. *Kent Probate Judge,* 301 Mich. 8; *Kurant* v. *Kent Probate Judge,* 305 Mich. 411; and the case in the Federal court, mentioned in 293 Mich. 291.

We find no reversible error and the judgment in the circuit court is affirmed, with costs against appellants.

Boyles, C. J., and North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred with Wiest, J.

Chandler, J. (*dissenting*). I believe the judgment entered in this case should be reversed and the case remanded for a new trial for the reasons expressed by me in the following cases: *Svitojus* v. *Kurant,* 293 Mich. 291; *In re Svitojus Estate (Svitojus* v. *Smolenski),* 296 Mich. 19, and *Smolenski* v. *Kent Probate Judge,* 301 Mich. 8. Appellant should recover costs.