# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

BARTON-SPENCER v FARM BUREAU LIFE INSURANCE COMPANY OF MICHIGAN

Docket Nos. 153655 and 153656. Decided April 14, 2017.

Cynthia Barton-Spencer brought an action in the Washtenaw Circuit Court against Farm Bureau Life Insurance Company of Michigan and others, arguing that defendants had breached her contract with them by withholding extended earnings owed to her under the Farm Bureau Insurance Agent Agreement (Agent Agreement); failed to pay her commissions that she alleged were owed to her; violated the Michigan Consumer Protection Act (CPA), MCL 445.901 *et seq*.; and terminated her on the basis of unlawful age discrimination in violation of the Civil Rights Act (CRA), MCL 37.2101 *et seq*. Plaintiff demanded a jury trial on all issues unless expressly waived. Defendants moved for summary disposition, and the court, Archie C. Brown, J., granted summary disposition to defendants on the CPA and CRA claims. Plaintiff then filed an amended complaint. Defendants filed an answer and a counterclaim, seeking to recover commissions they had paid to plaintiff as well as attorney fees and costs pursuant to the Agent Agreement, which provided that plaintiff agreed "to reimburse [defendants'] attorney fees and costs as may be fixed by the court." Following a trial, the jury returned a verdict finding for defendants on plaintiff's breach-of-contract claim, finding that plaintiff was entitled to recover commissions that defendants had failed to pay her, and finding that defendants were entitled to recover from plaintiff the commissions they had paid her on 11 policies that defendants had refunded to the purchasers because of plaintiff's misrepresentations to the purchasers. Defendants filed a postjudgment motion seeking contractual attorney fees and costs, and the court granted defendants attorney fees and costs as well as actual costs pursuant to MCR 2.403(O), deducting from the sanctions award some overlapping fees that had previously been paid as contractual attorney fees and costs. Both parties appealed, and the Court of Appeals, TALBOT, C.J., and WILDER and BECKERING, JJ., largely affirmed the resolution of the claims, but it reversed the trial court's decision to grant defendants contractual attorney fees. *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2016 (Docket No. 324661). The Court of Appeals held that contractual attorney fees are damages, and as such, plaintiff had a constitutional right under Article 1, § 14 of Michigan's 1963 Constitution to have a jury determine the reasonableness of the contractual fees. The panel also concluded that the provision in the Agent Agreement providing that attorney fees and costs will be "fixed by the court" was not an express waiver of plaintiff's constitutional right to a jury trial on the question of attorney fees because that phrase was ambiguous, and therefore plaintiff had not agreed to have the amount of reasonable attorney fees and costs determined by a judge rather than a jury. The Court of Appeals reversed the trial court's award of contractual attorney

fees, reversed the trial court's award of case evaluation sanctions, and directed the trial court to recalculate the case evaluation sanctions on remand because the sanctions award was impermissibly dependent on the judge's improper determination of reasonable contractual attorney fees and costs. Both parties sought leave to appeal.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

Courts should construe contracts so as to give effect to every word or phrase as far as practicable. A contractual term is ambiguous on its face only if it is equally susceptible to more than a single meaning. The Court of Appeals erred when it held that the parties' agreement was ambiguous because the phrase "fixed by the court" in the Agent Agreement was not ambiguous. In ordinary parlance, the word "court" refers to judges, and legal opinions often use the terms "court" and "judge" synonymously, even when referring to amounts of money fixed by judgments of "the court." Therefore, the parties decided in the Agent Agreement that the amount of attorney fees and costs would be fixed by a judge, and plaintiff waived any right she had to a jury trial by agreeing to this contractual provision. To avoid the contract, plaintiff held the burden of proving that the contract was invalid, but plaintiff did not raise a contractual defense to argue that the Agent Agreement was invalid.

Court of Appeals' reversal of the trial court's award of contractual costs and attorney fees reversed; Court of Appeals' reversal of the award of case evaluation sanctions under MCR 2.403(O) reversed; Part III(C)(4) of the Court of Appeals' opinion holding that plaintiff had a constitutional right to a jury trial and that she did not relinquish this right by signing the Agent Agreement vacated.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED April 14, 2017

STATE OF MICHIGAN

SUPREME COURT

CYNTHIA BARTON-SPENCER,

Plaintiff/Counterdefendant-
Appellant, Cross-Appellee,

v

Nos. 153655 and
153656

FARM BUREAU LIFE INSURANCE
COMPANY OF MICHIGAN, FARM
BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, FARM
BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, FARM
BUREAU ANNUITY COMPANY OF
MICHIGAN, and COMMUNITY SERVICE
ACCEPTANCE COMPANY,

Defendants/Counterplaintiffs-
Appellees, Cross-Appellants.

BEFORE THE ENTIRE BENCH

PER CURIAM.

The issue presented in this case is whether, by signing a contract providing that plaintiff agreed "to reimburse [defendants'] attorney fees and costs as may be fixed by the court," the parties agreed that the amount of reasonable attorney fees would be fixed by a court rather than a jury. We hold that the parties did so agree. Accordingly, we vacate Part III(C)(4) of the Court of Appeals' opinion[1] and reverse that portion of the judgment that reversed the award of contractual attorney fees and costs as well as that portion of the judgment that reversed the award of case evaluation sanctions. We otherwise deny the application and cross-application for leave to appeal and leave in place the remainder of the Court of Appeals' opinion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff entered into a Farm Bureau Insurance Agent Agreement (Agent Agreement) with defendants in November 2000 and began working for defendants as an independent insurance agent. As relevant to our review of this case, the Agent Agreement allowed defendants to seek postlitigation attorney fees from plaintiff under the terms of the following provision:

> Attorneys Fees and Costs. If the Companies are successful in any suit or proceeding against the Agent brought to enforce any provision of this Agreement, or brought to establish damages sustained by the Companies as a result of the Agent's violation of any provision of this Agreement, the Agent agrees to reimburse the Companies' attorney fees and costs as may be fixed by the court in which such suit or proceeding is brought.

---

[1] *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2016 (Docket No. 324661), pp 14-17.

2

Plaintiff continued to work for defendants until February 2013 when defendants terminated the Agent Agreement for cause, alleging that plaintiff had made misrepresentations to insurance clients regarding the tax consequences of moving funds into a specific type of life insurance policy. Eleven clients testified that they had purchased these policies from plaintiff on the basis of this false advice. Defendants later reversed these policies and refunded the premiums to the clients.

Plaintiff sued defendants in the Washtenaw Circuit Court, arguing that defendants had breached her contract by withholding extended earnings owed to her under the Agent Agreement,[2] failed to pay her commissions that she alleged were owed to her, violated the Michigan Consumer Protection Act (CPA), MCL 445.901 *et seq.*, and terminated her on the basis of unlawful age discrimination in violation of the Civil Rights Act (CRA), MCL 37.2101 *et seq.* Plaintiff demanded a jury trial on "all issues in this cause unless expressly waived."

Defendants moved for summary disposition, and the Washtenaw Circuit Court granted summary disposition to defendants on the CPA and CRA claims. Plaintiff filed an amended complaint,[3] and defendants filed an answer and a counterclaim. In the counterclaim, defendants sought to recover the commissions they had paid to plaintiff on the sale of the 11 policies that defendants had refunded because of plaintiff's misrepresentations. Defendants also sought attorney fees and costs pursuant to the Agent

---

[2] These extended earnings were a contractual benefit paid to agents after the termination of the Agent Agreement.

[3] The amended complaint added a claim of defamation per se; the court subsequently granted defendants summary disposition on this claim.

Agreement. Defendants relied on the jury demand filed by plaintiff "with respect to all issues as to which trial before a jury is applicable."

The parties proceeded to trial on plaintiff's remaining claims and on defendants' counterclaim. The jury returned a verdict finding for defendants on plaintiff's breach-of-contract claim but finding that plaintiff was entitled to recover commissions that defendants had failed to pay her. The jury additionally found for defendants on their counterclaim, determining that defendants were entitled to recover from plaintiff the commissions they had paid her on the subsequently refunded policies.

Defendants filed a postjudgment motion seeking contractual attorney fees and costs. In her response, plaintiff argued both that defendants were not entitled to such fees and that the request for attorney fees should have been submitted to the jury. Plaintiff claimed that she had a constitutional right to a jury trial regarding the reasonableness of the attorney fees. The Washtenaw Circuit Court granted defendants attorney fees and costs in an order entered on September 11, 2014, without explicitly addressing plaintiff's asserted right to a jury trial. The Washtenaw Circuit Court also granted defendants' subsequent motion for actual costs pursuant to MCR 2.403(O), deducting from the sanctions award some overlapping fees that had previously been paid as contractual attorney fees and costs.

Both parties appealed. The Court of Appeals largely affirmed the resolution of the claims, but it reversed the trial court's decision to grant defendants contractual attorney fees, agreeing with plaintiff that defendants "failed to adduce evidence supporting the

reasonableness of such fees at trial."[4]   The Court of Appeals held that contractual

attorney fees are "damages,"[5] and as such, plaintiff had a constitutional right under

Article 1, § 14 of Michigan's 1963 Constitution[6] to have a jury determine the

reasonableness of the contractual fees.[7]   The panel rejected defendants' argument that

plaintiff agreed, through the provision in the Agent Agreement providing that attorney

fees and costs will be "fixed by the court," to have the amount of reasonable fees and

costs determined by a judge rather than a jury.[8]   The Court of Appeals concluded that this

provision "was not an express waiver":

> [T]he "fixed by the court" language renders the contract ambiguous on the
> question whether the parties intended to have the reasonableness of
> contractual attorney fees decided by the trial court rather than a jury.  By its
> very nature, such ambiguous language cannot constitute an "express"
> waiver.  Given the constitutional right at issue, and the fact that the agent
> agreement fails to expressly mention that right—indeed, the agreement
> contains neither the word "jury," the phrase "jury trial," nor any form of the
> word "waive"—we cannot conclude as a matter of law that the parties

---

[4] *Barton-Spencer*, unpub op at 14.

[5] *Id*. at 15.

[6] Const 1963, art 1, § 14 ("The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law.").

[7] *Barton-Spencer*, unpub op at 15-16, citing *Madugula v Taub*, 496 Mich 685, 705-706, 713; 853 NW2d 75 (2014) ("If the nature of the controversy would have been considered legal at the time the 1963 Constitution was adopted, the right to a jury trial is preserved. . . . [C]laims for money damages were generally considered legal in nature at the time the 1963 Constitution was adopted.") (citations omitted), and *Zeeland Farm Servs, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 199; 555 NW2d 733 (1996) (holding that a jury could have concluded that the contractual attorney fees were reasonable).

[8] *Barton-Spencer*, unpub op at 16.

5

intended to waive their constitutional right to a jury trial on the question of attorney fees.[9]

Ultimately, the Court of Appeals reversed the trial court's award of contractual costs and attorney fees as well as the award of case evaluation sanctions.[10] The Court held that the amount of the case evaluation sanctions was impermissibly "dependent on" the judge's improper determination of reasonable contractual attorney fees and costs.[11] The judge had calculated the sanctions award on the basis of the total amount of reasonable fees incurred by defendants, minus the amount of overlapping payments already awarded in the prior order granting *contractual* attorney fees and costs.[12] Accordingly, the Court of Appeals directed the trial court to recalculate the case evaluation sanctions on remand.

## II. STANDARD OF REVIEW

This Court reviews questions regarding the proper interpretation of contractual language de novo, giving contractual terms their ordinary meaning when those terms are not defined in the contract itself.[13] Whether contractual language is ambiguous is also a question of law reviewed de novo.[14]

---

[9] *Id.*

[10] *Id.* at 17.

[11] *Id.*

[12] *Id.*

[13] *Allstate Ins Co v McCarn (After Remand)*, 471 Mich 283, 288; 683 NW2d 656 (2004).

[14] *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

III. ANALYSIS

In the Agent Agreement, the parties agreed that if defendants succeeded in any suit against plaintiff alleging that defendants sustained damages "as a result of [plaintiff's] violation of any provision of" the agreement, plaintiff would "reimburse [defendants'] attorney fees and costs as may be fixed by the court in which such suit or proceeding is brought." The relevant question now presented to the Court is whether, by agreeing that attorney fees and costs would be "fixed by the court," the parties agreed that attorney fees would be fixed by a judge rather than a jury. If this language is most reasonably read as an agreement to have a judge determine the amount of attorney fees, then when plaintiff demanded a jury trial on the issue, she held the burden to avoid the agreement by showing that this provision was invalid or unenforceable on contractual grounds.[15]

The Court of Appeals erred when it held that the Agent Agreement was "ambiguous on the question whether the parties intended to have the reasonableness of contractual attorney fees decided by the trial court rather than a jury."[16] Courts should construe contracts "so as to give effect to every word or phrase as far as practicable."[17] A

---

[15] See *Morris v Metriyakool*, 418 Mich 423, 439; 344 NW2d 736 (1984) (opinion by KAVANAGH, J.) ("We reject plaintiffs' allocation of the burden of proof to defendants. The burden of avoiding these arbitration agreements, as with other contracts, rests with those who would avoid them.").

[16] *Barton-Spencer*, unpub op at 16.

[17] *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003) (citation and quotation marks omitted).

contractual term is ambiguous on its face only if it is equally susceptible to more than a single meaning.[18]

The phrase "fixed by the court" is not ambiguous. When the parties agreed to this provision, they agreed that the amount of attorney fees and costs would be fixed by a judge rather than by a jury. In ordinary parlance, the word "court" refers to judges.[19] Legal opinions often use the terms "court" and "judge" synonymously,[20] even when

[18] *Raska v Farm Bureau Mut Ins Co of Mich*, 412 Mich 355, 362; 314 NW2d 440 (1982) ("[I]f a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation it may not be said to be ambiguous . . . ."). See also *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004) ("[A] provision of the law is ambiguous only if it irreconcilably conflicts with another provision, or when it is equally susceptible to more than a single meaning.") (quotation marks, citation, emphasis, and alteration omitted); *id*. at 165 n 6 (affirming that the rule "that ambiguity is a finding of last resort applies with equal force whether the court is interpreting a statutory text or a contractual one") (punctuation omitted).

[19] See *Merriam-Webster's Collegiate Dictionary* (11th ed) (defining "court" as "an official assembly for the transaction of judicial business . . . a *judge* or *judges* in session") (emphasis added). Accord *Black's Law Dictionary* (7th ed) (defining "court" as "[a] governmental body consisting of one or more *judges* who sit to adjudicate disputes and administer justice . . . [t]he *judge* or *judges* who sit on such a governmental body") (emphasis added).

[20] For instance, many cases contrast the "jury" with the "court," using "court" as a synonym for "judge." See, e.g., *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 272; 884 NW2d 257 (2016) ("The *trial court* noted that the *jury* awarded plaintiff approximately 33% of the judgment amount sought, and therefore the *trial court* awarded $23,412.48 in attorney fees, approximately 33% of the jury verdict.") (emphasis added); *In re Svitojus' Estate*, 307 Mich 491, 492; 12 NW2d 324 (1943) ("The heirs at law appealed to the circuit court for the county of Kent where, upon trial by *jury*, the *court* directed a verdict allowing the account with reduction of attorney fees to $4,000.") (emphasis added). See also *Madugula*, 496 Mich at 698 (examining whether a person bringing a shareholder-oppression suit under MCL 450.1489 had a right to a jury trial for a damages claim and reading statutory language referencing "circuit court" to refer to a judge rather than a jury).

referring to amounts of money fixed by judgments of "the court."[21] As the Court of Appeals noted, juries have sometimes decided the question whether an attorney-fee award is reasonable.[22] However, this does not suggest that the contractual term "court" refers to a jury rather than a judge. Indeed, even in those cases in which juries evaluated the amount of an attorney-fee award, the language of the opinion has contrasted those "jury" determinations with the decisions of the "court."[23]

The parties decided in the Agent Agreement that the amount of attorney fees and costs would be fixed by a judge. Plaintiff seeks to avoid this agreement and therefore holds the burden of proving that the contract is invalid.[24] It is unnecessary to reach the question whether plaintiff had a constitutional right to a jury trial on the reasonableness

---

[21] See, e.g., *People v Becker*, 349 Mich 476, 480; 84 NW2d 833 (1957) (approving of "the statutory sanction of requiring 'restitution' as a condition of probation," which required judges, without a trial as to the extent of damages, to "order[] the defendant in a criminal case to pay to certain third persons . . . a sum of money *fixed by the court* itself") (emphasis added); *In re Rite-Way Tool & Mfg Co*, 333 Mich 551, 559; 53 NW2d 373 (1952) (modifying an order of distribution administered by a receiver and monitored by a judge to pay "the fees of the receiver and his attorney as *fixed by the court*") (emphasis added). See also *Derby v Gage*, 60 Mich 1, 3; 26 NW 820 (1886) (applying "Section 15 of act No. 133 of the Session Laws of 1883," which required railroad companies condemning land to pay "in addition to the *damages* and compensation awarded by the commissioners or *jury*, a reasonable *attorney fee*, to be fixed and determined by the *court* when the report or verdict is confirmed") (quotation marks omitted; emphasis added).

[22] See, e.g., *In re Brewster's Estate*, 113 Mich 561, 563; 71 NW 1085 (1897); *Swift v Plessner*, 39 Mich 178, 180 (1878); *Zeeland Farm Servs*, 219 Mich App at 199.

[23] See, e.g., *Swift*, 39 Mich at 180 ("The *court* below directed the *jury* to allow a reasonable attorney fee on the application to dissolve the attachment . . . .") (emphasis added).

[24] *Morris*, 418 Mich at 439 (opinion by KAVANAGH, J.).

of attorney fees because the nature of the inquiry into the validity of the agreement is the same *even if* plaintiff was contracting away a constitutional right.[25] "The burden of showing some ground for rescinding or invalidating a contract is not altered merely because the contract entails eschewal of constitutional rights."[26] Plaintiff has not raised a contractual defense, such as coercion, mistake, duress, or fraud, to argue that the Agent Agreement is invalid. Therefore, we conclude that the parties validly agreed to have a judge determine the reasonableness of the attorney fees, and we reverse the portion of the Court of Appeals' opinion that reverses the award of attorney fees and costs.

## IV. CONCLUSION

The Court of Appeals erred when it held that the parties' agreement was ambiguous. The text of the Agent Agreement is plain: plaintiff agreed "to reimburse [defendants'] attorney fees and costs as may be fixed by the court." The clear import of the phrase "fixed by the court" is that the amount of reasonable attorney fees would be determined by a judge rather than a jury. By agreeing to this contractual provision, plaintiff waived any right she had to a jury trial, and if she seeks to avoid the contract, she bears the burden of demonstrating that this provision is invalid. Therefore, we vacate that portion of the Court of Appeals' opinion holding that plaintiff had a constitutional right to a jury trial and holding that she did *not* relinquish this right by signing the Agent

---

[25] *Id*. at 439-440.

[26] *Id*. Because it is unnecessary for us to reach the constitutional question, we merely vacate that portion of the Court of Appeals' opinion holding that plaintiff had a constitutional right to a jury trial on the reasonableness of the contractual attorney fees; we do not reach the question ourselves.

10

Agreement. We reverse the Court of Appeals' reversal of the trial court's award of contractual costs and attorney fees to defendants as well as the Court of Appeals' reversal of the award of case evaluation sanctions under MCR 2.403(O).

> Stephen J. Markman
> Robert P. Young, Jr.
> Brian K. Zahra
> Bridget M. McCormack
> David F. Viviano
> Richard H. Bernstein
> Joan L. Larsen