*In re* SHADLEY'S ESTATE.

1. COURTS—PROBATE COURTS—JURISDICTION—RECEIPTS—LEGACIES.
    Since the probate court has jurisdiction of all matters relating to the settlement of the estate of a deceased person, it had jurisdiction to determine the force of a receipt, given by legatee, husband of testatrix, for amount of legacy, alleged by executrix, who was also the residuary legatee and who admitted plaintiff's legacy was not paid by her, to have been advanced by testatrix in purchase of real estate held by entireties and that vesting of whole title in legatee should constitute payment of the bequest (3 Comp. Laws 1929, § 15519).

2. Same—Probate Court—Jurisdiction—Partial Distribution.
   The probate court has jurisdiction, conferred by statute, to order partial distribution of an estate to the person entitled thereto after reservation of sufficient effects to pay debts, expenses, charges and allowances provided by statute and need not wait for a final account, such partial distribution depending upon the facts and discretion of the court (3 Comp. Laws 1929, §§ 15728–15730).

Appeal from Washtenaw; Sample (George W.), J. Submitted January 12, 1937. (Docket No. 112, Calendar No. 39,329.) Decided March 1, 1937.

In the matter of the estate of Julia B. Shadley, deceased. Petition by Jacob B. Shadley for reimbursement for funeral expenses and for payment of a legacy. From order of probate court, Mary A. Miles, executrix, appealed to circuit court. Judgment for executrix without prejudice. Jacob Shadley appeals. Reversed and remanded.

*Carl H. Stuhrberg,* for Jacob Shadley.

Fead, C. J. In her will, Julia B. Shadley bequeathed to her husband $1,500 and disposed of the residue of her estate without other specific bequests. The estate was inventoried at $4,341.18. No claims were presented and an order closing claims was made. The executrix, Mary A. Miles, a residuary legatee, has filed no account.

Shadley filed petition in probate court that the executrix be directed to pay him the legacy and also $325 paid by him for funeral expenses of his wife. He alleged that the executrix had induced him to sign a receipt for $1,500 but had not paid him any part of it and prayed that such receipt be considered of no effect until payment be actually made to him.

The executrix filed an answer in probate court alleging that Shadley had paid his wife's funeral expenses out of a joint fund she had created for that purpose during her lifetime; admitted she had taken Shadley's receipt but had not paid him the legacy; and claimed that Mrs. Shadley, in her lifetime, had advanced $1,500 on purchase of real estate, the title to which ran to her and her husband jointly, with the arrangement that the vesting of the whole title in Shadley on his wife's death was to constitute a payment of the bequest to him. She did not challenge the jurisdiction of the court to hear the petition.

The probate court entered an order that the executrix pay the legacy but not the claim for funeral expenses.

The executrix took an appeal to circuit court. Upon opening statement of Shadley's attorney, the executrix moved for a directed verdict. The court held that the probate court had no jurisdiction to cancel the receipt, but the proper forum is equity; nor to order payment of the legacy until the executrix had filed her final account. Judgment was entered that Shadley take or lose nothing by his suit and go thereof without day and without prejudice.

The sole question presented by the briefs is whether the probate court has jurisdiction to order payment of a bequest before an account has been filed by the executrix.

The probate court has jurisdiction "of all matters relating to the settlement of the estate" of a deceased person. 3 Comp. Laws 1929, § 15519. The determination of the force of the receipt was within its powers. *Tipson* v. *Jeannot*, 204 Mich. 403; *Brooks* v. *Hargrave*, 179 Mich. 136.

Under 3 Comp. Laws 1929, §§ 15728–15730, the probate court has jurisdiction to order partial dis-

tribution of an estate to the person entitled thereto after reservation of sufficient effects to pay the debts, expenses, charges and allowances provided by statute. It need not wait for a final account. *In re McNamara's Estate,* 167 Mich. 406. Neither statute nor decision makes an account by the executor a prerequisite to such order. Partial distribution depends upon the facts and the judgment and discretion of the court.

The probate court had jurisdiction to hear Shadley's petition and grant relief. What order should be made in circuit court is a matter for determination on trial.

Reversed and remanded for trial, with costs to claimant Shadley against Mary A. Miles, executrix.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.