(596 P 2d 183)

No. 50,324

In the Matter of the Estate of Gene Kaegi, Deceased.

Opinion filed June 15, 1979.

*Tom Boone,* of Leavenworth, for appellant.

Before FOTH, C.J., ABBOTT and SWINEHART, JJ.

*Per Curiam:* This is an appeal by the executor of an estate from an order of partial distribution of a specific bequest.

On February 2, 1978, Gene Kaegi died testate, a resident of Leavenworth County. On March 6, 1978, her will was admitted to probate. Among the provisions of the will were specific bequests to Mr. and Mrs. Robert L. Hart of the following personal property: "[M]y Purple Glassware Set; all of my White Haviland China . . . all of my old Solid Walnut Furniture . . . ." On May 19, 1978, the executor filed his inventory. On the same day, the Harts filed a petition for partial distribution. The executor opposed the distribution as premature. By journal entry of July 14, 1978, the trial court ordered distribution, conditioned upon the Harts furnishing a redelivery bond in the amount of 125% of the executor's valuation of the specific bequests.

The executor contends that distribution was improper in that taxes, fees and expenses had not been determined, and because the time to appeal admission of the will, present another will, or present claims had not expired.

The law favors the earliest possible distribution of inherited property consistent with the proper administration of the estate. As a means of effecting this policy, partial distribution prior to final settlement is generally recognized by statute and case law. See Annot., 18 A.L.R.3d 1173. Our statutes clearly authorize partial distribution, with K.S.A. 59-1503 providing in part:

> "If at any time prior to final settlement it appears that there is sufficient money to satisfy all the demands against an estate, the executor or administrator may, on order of the court, make payment of legacies and distribution of shares, except that specific legacies shall be first satisfied: *Provided, however,* If any demands are not yet barred or nine (9) months has not expired from the date of death, no executor or administrator shall be compelled to pay legacies or make distribution unless ordered to do so by the court and until bond or security is given by the legatee or distributee to refund his or her due proportion of any demand which may afterward be established against the estate and the cost attending the recovery thereof . . . ." (Emphasis original.)

Early delivery of specific legacies is particularly sanctioned. K.S.A. 59-1406 provides:

> "Property specifically bequeathed may be delivered to the legatee entitled thereto upon his or her giving security for the redelivery thereof, or its appraised value, if ordered by the court so to do, to the executor or administrator; otherwise it shall remain in the custody of the executor or administrator, to be delivered or sold as may be required by law."

Under the common law, specific legacies (but not other property) passed immediately to the legatees, subject only to the rights of creditors. K.S.A. 59-1406 modifies the common law by requiring security for redelivery. The statute thus permits immediate enjoyment of the property by the legatee while making it available if necessary for payment of claims against the estate and the cost of administration. 2 Bartlett's Kansas Probate Law & Practice § 833 (rev. ed. 1953); Vernon's Kansas Probate Code § 59-1406 (1978). See also K.S.A. 59-2246.

In light of our statutes, the fact that the time period in which to appeal admission of the will, present another will, or file claims had not expired should not prevent a partial distribution that is otherwise permitted. No formal accounting by the executor was required before partial distribution of property specifically bequeathed could be ordered. *In re Shadley's Estate,* 279 Mich. 156, 271 N.W. 716 (1937); *Conway v. Parker,* 250 N.W.2d 266 (N.D. 1977).

In the present case, the order of partial distribution was within the sound discretion of the trial judge. The petition alleged that the property was stored in an unoccupied house, subject to dissipation through theft or otherwise. Although the executor asserted that adequate insurance existed, we note that specific bequests often have value beyond a mere monetary amount. The

executor's inventory revealed a total estate of $164,848.55, with the property in question valued at $1,425. Property subject to general legacies or contained in the residuary clause was valued at $63,580.35. This property was, of course, subject to appropriation for payment of estate debts prior to specific bequests. K.S.A. 59-1405. Finally, the redelivery bond and the court order provided protection to the estate and the executor. We find no error.

Affirmed.