**In re Carroll Richard OLSON, Mona Melva Olson, Debtors.**

Bankruptcy No. 81–20475.

United States Bankruptcy Court, D. Kansas.

May 17, 1984.

Roger L. Sherman, Overland Park, Kan., for debtors.

James E. Kunce, Kansas City, Kan., trustee.

W. Frederick Zimmerman, Kansas City, Kan., for Tammy Olson.

MEMORANDUM OPINION
AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

The trustee's Motion for turnover pursuant to § 541 came on for hearing on August 24, 1983. Debtors Carroll Richard and Mona Melva Olson, appeared in person and by their attorney Stanley McAfee. The trustee James E. Kunce, appeared pro se.

The trustee's motion requested the Court to order the executor of the estate of Christina Younger to turn over to the trustee the real and personal property in which the debtors had an interest. On August 24, 1983, the Court sustained the trustee's Motion for Turnover of personal property and directed the executor to turn over $2,210.58 to the trustee. The Court took under advisement the issue of turnover of the real estate debtor Mona Olson had inherited from her grandmother, Christina Younger. The parties have submitted proposed findings of fact and conclusions of law; and the matter is now ready for determination.

FINDINGS OF FACT

Based on the file, exhibits, statements of counsel and submitted briefs, the Court finds as follows:

1. That this Court has jurisdiction of the parties and subject matter pursuant to Rule 42 of the United States District Court for the District of Kansas; and that venue is proper.

2. That on November 29, 1980, Christina B. Younger, the grandmother of debtor Mona Olson, died. The will of Mrs. Younger, dated April 18, 1968, was admitted to probate in the District Court of Trego County on January 9, 1981. This Will devised to Mrs. Olson an undivided one-third interest in real estate described as follows, to-wit:

"The Southeast quarter of Section 29, Township 17 South, Range 33, West of the 6th P.M., Scott County, Kansas."

3. That on January 21, 1981, the debtors entered a real estate sales agreement with their daughter, Tammy Olson. By the terms of this agreement debtors agreed to convey Mrs. Olson's one-third interest in real estate to their daughter for $5,000.00. The agreement specified that Tammy Olson would pay her parents "$500.00 down payment and the rest will be paid when Sellers provide Buyer with a warranty deed." The sales agreement was recorded on October 21, 1981.

4. That on March 2, 1981, the debtors conveyed by warranty deed their interest in real estate to their daughter, Tammy Olson. This warranty deed was recorded on March 12, 1981. Tammy Olson alleges that she complied with the terms of the real estate agreement by paying $500.00 down upon signing of the contract on January 21, 1981, and paying the remaining $4,500.00 upon delivery of the warranty deed on March 2, 1981.

5. That on May 26, 1981, the debtors filed their petition in bankruptcy.

6. That debtors provided the following answer to Question 12b in their Statement of Financial Affairs for Debtor Not Engaged in Business:

Have you made any other transfer, absolute or for the purpose of security, or any other disposition, of real or tangible personal property during the year immediately preceding the filing of the original petition herein?

Answer: Sold ⅓ interest in 160 acres in Seate [sic] County, Kansas to Tammy Olson, R.R. #1, Mapleton, Ks. for $5,000.00. (unirregated land) .

7. That on August 31, 1981, the former trustee in Wichita, Courtland Clotfelter, filed a notice of demand in the Trego County District Court. This action was to demand from the estate of Christina Younger, all assets and benefits to which debtor Mona Olson, was entitled.

8. That on October 19, 1981, the debtors filed an Answer which waived their interest to property in the estate of Christina Younger, deceased.

9. That on October 7, 1981, former trustee Clotfelter filed a turnover complaint in bankruptcy court. His complaint requested that the Court order the executor of the Christina Younger estate to pay to the trustee all proceeds of the estate in which debtors or their daughter Tammy, had an interest.

10. That on April 21, 1982, the Honorable Robert B. Morton dismissed the complaint for lack of prosecution.

11. That on July 12, 1983, Chris Henry, the successor trustee, filed a Motion for Turnover of debtors' personal and real property interests in the estate of Christina B. Younger.

12. That James Kunce was appointed successor to Mr. Henry on August 8, 1983.

13. That on September 13, 1983, Trustee Kunce filed a complaint under § 548 to set aside debtors' conveyance of real property to their daughter as a fraudulent transfer. On April 11, 1984, this Court sustained debtors' motion to dismiss the complaint, ruling that it was barred by the statute of limitations set out in § 546(a).

## ISSUE OF LAW

WHETHER THE REAL PROPERTY TRANSFERRED BY THE DEBTORS TO THEIR DAUGHTER WAS PART OF THE BANKRUPTCY ESTATE AND THEREFORE, SUBJECT TO THE TRUSTEE'S MOTION FOR TURNOVER.

## CONCLUSIONS OF LAW

As defined by § 541, the bankruptcy estate is comprised of all legal or equitable interests held by the debtors when they filed their bankruptcy petition. Under the provisions of § 541(a)(5), property acquired by the debtors after the filing of their petition may also be included in the estate. As stated in § 541(a)(5)(A), the estate includes:

*"(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of*

874

the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, device, or inheritance;"

Therefore, the real estate devised to debtor Mona Olson, by her grandmother, is subject to the trustee's turnover complaint only if it was part of the estate at the commencement of the bankruptcy case or became part of the estate within 180 days after the petition was filed.

■ It is a fundamental principle of bankruptcy law that the property rights which form the estate under § 541 are defined by state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Therefore, this Court must look to Kansas law to determine the property interest Mona Olson acquired from her grandmother.

Under K.S.A. 59–616 (1976), *"No will shall be effectual to pass real or personal property unless it shall have been duly admitted to probate."* Since the will of Christina Younger was duly admitted to probate in the District Court of Trego County on January 9, 1981, that will was capable of passing a one-third interest in real property to Mona Olson.

Under the common law, testamentary gifts vested upon the death of the testator. Kansas statutes have amended the common law by requiring that the will be admitted to probate before the gift will vest and by allowing assets of the estate to pay administrative expenses and debts of the decedent. K.S.A. 59–1405, 1406 (1976). The law of Kansas does, however, favor the earliest possible distribution to inherited property consistent with the proper administration of the estate. Devisees are therefore, permitted immediate enjoyment of the devised property which is available if necessary for payment of claims against the estate and costs of administration. *Matter of Estate of Kaegi,* 3 Kan.App.2d 440, 596 P.2d 183, 184 (1979). Therefore, the interest in real property Mona Olson inherited under her grandmother's will vested in the debtor when the will was admitted to pro-

bate. Since it was apparently neither subject to administrative expenses nor claims, Mona Olson acquired the entire one-third interest her grandmother had devised.

■ The Court rejects the trustee's contention that Mona Olson's interest in real property has not vested in her because an order of the Probate Court of Trego County stated that Mona Olson's property interests were subject to a final order of the bankruptcy court. The trustee asserts that debtor's property interest will vest when this Court issues a final order and will, therefore, be property of the estate under § 541(a)(5)(A). This Court finds, however, that the trustee's contentions are contrary to the spirit of Kansas probate/property law which favors the earliest vesting of estates; and that the property passed to the debtor on January 9, 1981, when the will was admitted to probate. When the Wichita trustee in bankruptcy filed his turnover complaint against the executor of the estate of Christina Younger, deceased, on October 7, 1981, the executor held the property in trust for Mona Olson, subject to a final order of the bankruptcy court. He did not however, divest her of her property interest. This Court finds the provisions of § 541(a)(5)(A) are inapplicable to the facts of this case since the debtor acquired her interest *before* the filing of the petition, not *within* 180 days *after* that date; that is, on January 9, 1981.

The Court must next evaluate the effect of debtors' transfer of property to their daughter Tammy Olson. By warranty deed recorded March 12, 1981, debtors conveyed the one-third interest in real property debtor Mona Olson had acquired through her grandmother's will. The effect of this transfer was to convey a fee simple interest to Tammy Olson and to divest Mr. & Mrs. Olson of their interest in the property. Accordingly, when the debtors filed their bankruptcy petition on May 26, 1981, the one-third interest in land did not become property of the estate under § 541 because debtors no longer held either equitable or legal title to it. Whether debt-

ors transferred the property with the intent to hinder, delay or defraud their creditors is not an issue before this Court. The trustee had notice of the transfer when debtors filed their bankruptcy petition and described the conveyance in their answer to question 12b. Neither Trustee Clotfelter nor his numerous successors alleged that this was a fraudulent transfer until Trustee Kunce filed a complaint under § 548 on September 13, 1983. That complaint was dismissed on April 11, 1984, because it was barred by the statute of limitations set out in § 546(a). The only issue now before this Court is whether the real estate should be turned over to the trustee because it was part of the bankruptcy estate either when the petition was filed or within 180 days of the filing. Having found that this real property vested in Mona Olson when her grandmother's will was admitted to probate (January, 1981); that debtors transferred their interest to their daughter Tammy Olson, prior to filing their bankruptcy petition for apparent sufficient consideration; and that the 180-day provision of section 541(a)(5)(A) is not applicable to the facts of this case, this Court finds the property was never part of the bankruptcy estate and therefore, finds that the Motion for Turnover should be denied.

IT IS THEREFORE, BY THE COURT, ORDERED AND ADJUDGED That the Trustee's Motion for Turnover be and the same is hereby denied.