ZEELAND FARM SERVICES, INC v JBL ENTERPRISES, INC

Docket No. 187349. Submitted June 13, 1996, at Grand Rapids. Decided September 27, 1996, at 9:40 A.M.

Zeeland Farm Services, Inc., brought an action in the 58th District Court against JBL Enterprises, Inc., seeking payment for sums due under a credit agreement for agricultural supplies and services and, as provided in the credit agreement, for attorney fees incurred in collecting the debt. The defendant counterclaimed negligence by the plaintiff in spraying herbicides. The parties stipulated a change of venue to the Allegan Circuit Court, where a jury returned verdicts for the plaintiff with regard to its claim for the debt and attorney fees and with regard to the defendant's counterclaim for negligence. On motion by the defendant, the court, Harry A. Beach, J., set aside the judgment entered on the verdict and granted a new trial. Before the second trial started, the court granted a motion in limine by the defendant to prohibit the plaintiff from referring at the second trial to the previous jury trial and verdict, ruling that such evidence was irrelevant and prejudicial. The defendant abandoned its counterclaim. At the close of the plaintiff's case, the court directed a verdict in favor of the defendant regarding the plaintiff's claim for attorney fees, ruling that the plaintiff needed, but failed, to offer expert testimony regarding the reasonableness of the claimed attorney fees. The court ultimately entered judgment on a jury verdict for the plaintiff with regard to the claim for the unpaid debt. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court abused its discretion in directing a verdict with regard to the attorney fee claim. The plaintiff presented a prima facie case that the attorney fees were reasonable, which entitled the plaintiff to have the jury determine the credibility and weight of that evidence. Expert testimony regarding the reasonableness of attorney fees is not required for the jury's determination regarding the reasonableness of attorney fees in a simple case of breach of contract where, as in this case, the lay witness' testimony comports with MRPC 1.5(a), which enumerates the factors to be considered in determining the reasonableness of attorney fees, and the witness explains why the fees are reasonable.

2. The trial court abused its discretion in granting the defendant's motion in limine to bar evidence concerning the first trial. That evidence is relevant to the issue of the reasonableness of the attorney fees incurred by the plaintiff and is not unfairly prejudicial to the defendant in view of the absence of less prejudicial means to explain the size of the attorney fees in relation to the underlying debt.

Reversed and remanded for further proceedings.

1. CONTRACTS — ATTORNEY FEES.

A contractual provision for payment by a breaching party of the other party's attorney fees incurred as a result of the breach is judicially enforceable, but recovery is limited to reasonable attorney fees.

2. CONTRACTS — ATTORNEY FEES.

A party to a simple case of breach of contract who claims the right to payment by the other party of attorney fees incurred as a result of the other party's breach of contract can establish a prima facie case of the reasonableness of the attorney fees by presenting a lay witness whose testimony comports with MRPC 1.5(a) and who explains why the fees are reasonable.

3. EVIDENCE — RULES OF EVIDENCE — PREJUDICE.

The admission of critical evidence supporting a party's position regarding a key issue, which evidence raises a danger of unfair prejudice under MRE 403, does not result in unfairness where the proponent has no less prejudicial means of supporting the position being advanced.

*Timothy A. Hoesch,* for the plaintiff.

*Roman K. Kosiorek,* for the defendant.

Before: MARILYN KELLY, P.J., and NEFF and J. STEMPIEN,* JJ.

NEFF, J. This case arises from a debt collection action begun by plaintiff Zeeland Farm Services, Inc., against defendant JBL Enterprises, Inc., in which plaintiff sought to recover the balance due on defendant's open account and the attorney fees incurred in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

collecting the debt as permitted by the credit agreement. Plaintiff appeals as of right a circuit court order that directed a verdict against plaintiff for those attorney fees on the ground that plaintiff failed to show that the attorney fees were reasonable. We reverse.

I

From May 1992 through May 1993, defendant purchased agricultural supplies and services from plaintiff on an open account under the parties' credit agreement, which defendant's president signed.[1] Defendant failed to pay in accordance with the agreement, and, following unsuccessful collection attempts, plaintiff filed its breach of contract claim in late May 1993 in the district court, seeking to collect the debt and all collection costs.

In June 1993, defendant answered, denying it owed plaintiff money on the open account and counterclaimed that plaintiff had negligently sprayed herbicides on defendant's fields, which resulted in continued weed growth and lower soybean yields. Plaintiff responded, noting that defendant had been denied disaster relief funds because the land was less than ideal for growing soybeans, which had contributed to

---

[1] The credit approval policy expressly provided:

When a customer goes into default of the established credit terms, we will do everything possible to help as long as a regular payment schedule is established and regular payments are received.

When no contact is able to be maintained with the customer or when regular payments are not made, we feel there is no choice but to use the full extent of the law to make collection on the balance owed. Service charges shall continue to accrue on all balances until they are paid and all collection costs (i.e. legal fees, court fees, etc.) shall be billed to the customer and the customer shall be liable for said costs.

the reduced yield. Plaintiff also denied that it had sprayed all the acreage that defendant claimed had been sprayed and asserted that it had already paid defendant for the crop damage to the acreage that plaintiff had sprayed. Defendant amended its counterclaim, reducing the acreage it claimed had been negligently sprayed, and plaintiff again answered, contending that defendant's damages were caused by other factors.

In July 1993, the parties stipulated a change of venue to the circuit court. A few months later, the case was dismissed for nonpayment of the transfer fee, but it was later reinstated.

Trial began on December 19, 1994, and the next day, the jury returned a verdict against defendant with regard to its counterclaim and for plaintiff with regard to its complaint in the amount of $22,000 for the full amount of the debt due on the open account and for all attorney fees and collection costs.

In January 1995, defendant moved for judgment notwithstanding the verdict, claiming that plaintiff had not proved its damages with reasonable certainty. Plaintiff objected, claiming that defendant's motion was untimely because it was two days late. The circuit court denied defendant's motion as untimely, but suggested that defendant move for relief from judgment. Defendant followed that advice, claiming that plaintiff failed to prove its damages with reasonable certainty. Although plaintiff opposed defendant's motion, the court set aside the jury's verdict and granted a new trial.

The second trial was scheduled to begin in May 1995, and, in a pretrial motion, defendant sought to prohibit any mention of the previous jury trial and

verdict. Plaintiff objected, but the court ruled that no mention was to be made of the first jury's verdict on the grounds that the verdict was not relevant and that reference to it was prejudicial.

Plaintiff's credit manager, Wayne Guinn, testified at the second trial that defendant's president, William Pavlek, applied for credit by filling out and signing the credit application and that the application included a provision that the customer became liable for plaintiff's attorney fees and court costs if the customer failed to pay the bill. Pavlek concurred with that testimony. Guinn further testified that defendant's account balance for purchases as of May 28, 1993, was $9,934.95 and that the attorney fees in this case totaled $18,904.39.

At the conclusion of plaintiff's case, defendant moved for a directed verdict with regard to the attorney fee issue, claiming that plaintiff had failed to introduce evidence showing that the attorney fees were reasonable. The court granted defendant's motion on the ground that the plaintiff had failed to produce expert testimony addressing the reasonableness of the attorney fees. Subsequently, the court entered judgment against defendant in the amount of $4,621.47 for the net balance due on the open account plus ordinary costs in the amount of $535.39 for a total judgment of $5,156.86.

II

Plaintiff first contends that the trial court abused its discretion by directing a verdict against plaintiff with regard to the recovery of its attorney fees because plaintiff had presented evidence that those attorney fees were reasonable. Plaintiff further con-

tends that expert testimony is not required or necessary to determine if attorney fees are reasonable. We agree that plaintiff presented a prima facie case, which entitled plaintiff to have the jury determine the credibility and weight of that testimony, and that expert testimony is not always required to prove the reasonableness of attorney fees.

A

We review a trial court's decision to grant a directed verdict for an abuse of discretion. *Howard v Canteen Corp*, 192 Mich App 427, 431; 481 NW2d 718 (1992). An appellate court considers the evidence presented up to the time that the motion is made and views that evidence in the light most favorable to the nonmoving party while resolving all doubt in the nonmoving party's favor. *Hatfield v St Mary's Medical Center*, 211 Mich App 321, 325; 535 NW2d 272 (1995). An appellate court recognizes the jury's and the judge's unique opportunity to observe the witnesses, as well as the factfinder's responsibility to determine the credibility and weight of trial testimony. *Caldwell v Fox*, 394 Mich 401, 407; 231 NW2d 46 (1975); *Lester N Turner, PC v Eyde*, 182 Mich App 396, 398; 451 NW2d 644 (1990). Generally, directed verdicts are viewed with disfavor. *Berryman v K mart Corp*, 193 Mich App 88, 91; 483 NW2d 642 (1992).

B

The parties to a contract may include a provision that the breaching party will be required to pay the other side's attorney fees, and such provisions are judicially enforceable. *Central Transport, Inc v Fruehauf Corp*, 139 Mich App 536, 548; 362 NW2d 823 (1984). However, recovery is limited to reasonable

attorney fees. *Papo v Aglo Restaurants of San Jose, Inc*, 149 Mich App 285, 299; 386 NW2d 177 (1986). A party claiming the right to recover attorney fees under a contract must introduce evidence of the reasonableness of the attorney fees to establish a prima facie case and to avoid a directed verdict. *In re Howarth Estate*, 108 Mich App 8, 12; 310 NW2d 255 (1981).

C

We first determine whether expert testimony is required to establish the reasonableness of attorney fees. Our review of the law leads us to the conclusion that no Michigan statute, court rule, or case law exists requiring expert testimony for such a purpose. A split in authority exists among our sister states with regard to this issue, with only a few states requiring expert testimony. See anno: *Necessity of introducing evidence to show reasonableness of attorneys' fees where promissory note provides for such fees*, 18 ALR3d 733, §§ 3, 4.

I

In Michigan, MRE 702[2] instructs the court to analyze whether an expert's testimony will help the factfinder make the ultimate decision in a case. *King v Taylor Chrysler-Plymouth, Inc*, 184 Mich App 204, 215; 457 NW2d 42 (1990). A trial court should use its

---

[2] MRE 702 provides:

  If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

common sense to decide whether an untrained person would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from experts. *Cirner v Tru-Valu Credit Union*, 171 Mich App 163, 169; 429 NW2d 820 (1988). For example, a jury does not require expert testimony to determine what a reasonable person would do in an ordinary negligence case. *Bishop v St John Hosp*, 140 Mich App 720, 724-725; 364 NW2d 290 (1984).

Our Supreme Court explained in *Mulholland v DEC Int'l Corp*, 432 Mich 395, 404; 443 NW2d 340 (1989):

> In a strict sense, every witness whosoever is an expert. In other words, the very fact that he is allowed to speak at all assumes that he is fitted to acquire knowledge on the subject; though in the vast majority of matters no demonstration of his fitness is needed. . . .
>
> "In particular, it is a mistake to suppose that an 'expert' must be a person professionally occupied upon the matter to be testified to. This is a mistake having its special origin in the doctrine of Opinion evidence . . . ." [Quoting 2 Wigmore, Evidence (3d ed), § 555, pp 634-635.]

2

In this case, Guinn is not a licensed attorney, but Guinn's testimony revealed that he had acquired knowledge regarding the reasonableness of attorney fees through his job. Among his duties as the credit manager, Guinn hires attorneys or firms for collection work, reviews their invoices, compares invoices from one attorney or firm with those of others, and evaluates the invoices for reasonableness and similarity with other attorneys' charges for similar debt collection matters. Guinn approves the invoices for pay-

ment only when he is satisfied that they are for work actually performed and for a reasonable amount.

3

The factors listed in MRPC 1.5(a)[3] are properly considered when deciding if attorney fees are reasonable in a given case. *In re Condemnation of Property for Hwy Purposes*, 209 Mich App 336, 341-342; 530 NW2d 183 (1995). We are convinced that, just as a jury does not require expert testimony to determine what a reasonable person would do in a simple negligence case, a jury does not require expert testimony to determine whether attorney fees are reasonable in a simple breach of contract case. MRPC 1.5(a) requires no scientific, technical, or other specialized knowledge in understanding whether attorney fees are reasonable in relatively simple legal matters. In such a case, if a lay witness' testimony comports with MRPC 1.5(a)

---

[3] MRPC 1.5(a) provides in relevant part:

The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

and explains why the witness finds the fees reasonable, we conclude that evidence is sufficient to allow the jury to decide the matter. MRE 701,[4] 702.

D

We next hold that the trial court abused its discretion by granting defendant a directed verdict, because plaintiff presented a prima facie case. Plaintiff presented evidence showing that defendant had breached the contract by refusing to pay according to its terms, that the contract permitted plaintiff to recover its attorney fees if defendant breached, and that the attorney fees were reasonable.

Further, Guinn's lay testimony provided a rational basis for his perception that the attorney fees were reasonable. Comparing Guinn's testimony to the factors in MRPC 1.5(a), Guinn's testimony addressed the time and labor involved, compared the fee with other attorneys' charges for similar services, stated the amount in question, explained that plaintiff hired the attorney to handle debt collection matters, and stated that the parties agreed on a fixed fee. From Guinn's testimony, the jury could have concluded that the attorney fees were reasonable.

Even assuming that this was not a simple case and that expert testimony was required, the trial court should have recognized that Guinn, in his position as plaintiff's credit manager, had developed a certain

---

[4] MRE 701 provides:

    If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based upon the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

expertise in farm debt collection matters that included an ability to analyze whether the attorney fees were reasonable. Just as the expert in *Mulholland, supra*, 403-404, was not a licensed veterinarian, but had acquired significant knowledge about mastitis in cows, so too had Guinn acquired significant knowledge about evaluating the reasonableness of attorney fees incurred in collecting farm debts, even though he was not a licensed attorney.

The evidence, when viewed in the light most favorable to plaintiff, made a prima facie case for the jury. Therefore, the trial court abused its discretion by granting a directed verdict. The court's conclusion was premised on a nonexistent rule requiring expert testimony to demonstrate the reasonableness of attorney fees.

### III

Plaintiff next asserts that the trial court abused its discretion by granting defendant's motion in limine and barred all testimony concerning the first trial. Plaintiff further asserts that the trial court's ruling deprived it of the substantial right to present evidence that would explain why the attorney fees incurred in this case were substantial and why the fees were nonetheless reasonable. We agree.

### A

We review a trial court's decision concerning the admission of evidence for an abuse of discretion. *Price v Long Realty, Inc*, 199 Mich App 461, 466; 502 NW2d 337 (1993).

MRE 401 defines relevant evidence as evidence that tends to make the existence of a material fact more

probable or less probable than it would be without that evidence. All relevant evidence is admissible except when the federal or state constitution, the court rules, or the rules of evidence provide otherwise. MRE 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, waste of time, or risk of misleading the jury. MRE 403.

B

In this case, the fact that a previous jury trial occurred was relevant evidence because that fact directly affected the reasonableness issue because plaintiff's claim included attorney fees incurred as a result of the first trial. Thus, under MRE 402, the evidence would be admissible as long as it did not run afoul of MRE 403.

MRE 403's risk of unfair prejudice embodies two concepts: first, that there is a danger that marginally probative evidence will be given undue weight by a jury and, second, that it would be inequitable to allow the proponent to use the evidence. *Sclafani v Peter S Cusimano, Inc*, 130 Mich App 728, 735; 344 NW2d 347 (1983). Unfairness does not necessarily result if critical evidence supporting a party's position on a key issue poses the danger of prejudice, but the proponent has no less prejudicial means of supporting the position being advanced. *Id.*, 736.

Although plaintiff introduced sufficient evidence of reasonableness to escape a directed verdict as explained above, the jury in the second trial could not adequately evaluate whether the attorney fees were reasonable in this case without knowing that a previ-

ous trial had been held. That information is essential to plaintiff's ability to explain why it spent almost $19,000 in attorney fees to collect a $9,000 debt, and there is no less prejudicial way to explain that fact. Consequently, admitting evidence of the previous jury trial for the limited purpose of explaining why the attorney fees were so large would not violate MRE 403. Accordingly, the trial court abused its discretion by prohibiting mention of the first jury trial.

Reversed and remanded to the trial court for further proceedings. We do not retain jurisdiction.