# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WAITE, Minors.

UNPUBLISHED
June 13, 2017

No. 335613
Isabella Circuit Court
Family Division
LC No. 2016-000075-NA

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Respondent appeals as of right from the order terminating her parental rights to her two minor children under MCL 712A.19b(3)(b)(*ii*) (failure to protect child from sexual abuse) and (g) (failure to provide proper care or custody). We affirm.

## I. APPLICABLE LAW AND STANDARD OF REVIEW

If a trial court finds that a single statutory ground for termination of parental rights has been established by clear and convincing evidence and that it has been proven by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In applying the clear error standard in parental rights termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). The trial court must "state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient." MCR 3.977(I)(1).

## II. STATUTORY GROUNDS

Respondent first argues that the trial court clearly erred in terminating her parental rights pursuant to MCL 712A.19b(3)(b)(*ii*) and (g). We disagree.

MCL 712A.19b provides in pertinent part as follows:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

* * *

(ii) The parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

The trial court did not clearly err in finding clear and convincing evidence to support the statutory grounds for terminating respondent's parental rights pursuant to MCL 712A.19b(3)(b)(ii). Respondent was unwilling to protect her children from abuse. The children were removed from respondent's care because of her relationship with a convicted sex offender, who sexually abused her oldest child. Before beginning a relationship and cohabitating with this man, respondent knew that he had a criminal sexual conduct history involving a nine-year old girl, the approximate age of respondent's two daughters. When petitioner discovered his prior criminal sexual conduct conviction, a safety plan was put in place that precluded him from having any unsupervised contact with the children. The record clearly showed that respondent did not follow the safety plan and repeatedly allowed him to have unsupervised access to her children. Respondent knew the risk of harm, had been forewarned by her sister and caseworkers, but still left the children alone with this convicted sex offender. Ultimately, it came to light that he had physically and sexually assaulted the older daughter multiple times. Respondent was clearly in a position to prevent the severe abuse and failed to do so. All caseworkers and two evaluating psychologists, and even respondent herself, agreed that she failed to protect her children. The trial court did not err in finding that the first requirement of MCL 712A.19b(3)(b)(ii) was met.

Rather, the central issue on appeal is whether the trial court clearly erred in finding that the second requirement of MCL 712A.19b(3)(b)(ii) was met. We agree with the trial court that the record indicates that it was reasonably likely that the children would suffer injury or abuse in the foreseeable future if placed in respondent's home.

Respondent allowed a convicted sex offender to watch her children alone on multiple occasions. When he was eventually charged with repeating this abuse with her older daughter, respondent refused to believe the allegations and talked with him approximately three times daily for two months while he was incarcerated. Recorded jailhouse telephone conversations revealed that she was supportive of him and steadfastly professed her love for him. Respondent encouraged him not to plead to anything and to fight the charges. Most distressing is that respondent told him that she was doing what she needed to do to fool petitioner and the two discussed plans to move to Arizona with one of the children after petitioner was no longer involved with the family. Although respondent indicated that she eventually ended her relationship with this man, as noted by the trial court, she did so just one week before the termination hearing, which seriously called into question whether this breakup was sincere or just another attempt to fool petitioner and the court.

The trial court received testimony from two psychologists as well as a report from respondent's therapist. On appeal, respondent argues that the trial court erred by crediting the testimony of the first psychologist over the testimony of the second psychologist and the report from respondent's therapist. We disagree.

The professionals agreed that respondent had heightened dependency needs, that she placed her romantic relationships above the needs of her children, that she displayed patterns common for individuals with long histories of abuse, including dependency, poor emotional regulation, and impaired judgment in relationships, and that she demonstrated some features of a personality disorder, including having an unrealistic preoccupation with being left alone.

The only significant disagreement between the two psychologists was with respect to the length of treatment and respondent's prognosis of success. The first psychologist opined that respondent would require two to five years of treatment before respondent was ready to parent properly; the second psychologist opined that it would be reasonable to give respondent one year of services and assess her progress in reducing the barriers that led to the children's removal at the end of that year; respondent's therapist submitted a letter to the court indicating that respondent was actively engaging in therapy. Nonetheless, the first psychologist's opinion was based upon his evaluations of respondent, the children, and their father, while the second psychologist's opinion was based primarily on respondent's self-reporting. Determinations of credibility are the province of the factfinder, not this Court, *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996), and, given the record presented to this Court, we are unable to conclude that the trial court erred by crediting more favorably the testimony of the first psychologist.

In any event, the totality of the evidence before the trial court, including respondent's behavior before, during, and after the sexual assaults, confirms that the trial court did not clearly err in concluding that respondent was unlikely to be able to provide for the children's proper care even if given an additional year of treatment.[1]

---

[1] We also reject respondent's tangential argument that her attorney provided ineffective assistance of counsel by not requesting additional time for the second psychologist to evaluate the children and the father and to conduct a bond assessment. The trial court reasonably

Respondent also takes issue with the trial court's conclusion that respondent displayed a pattern of deception with caseworkers and the court. We disagree. Throughout the pendency of this case, respondent appeared to be cooperating with petitioner and working on her reunification plan. Indeed, the first psychologist stated that respondent "present[ed] well." Nonetheless, throughout nearly the entirety of petitioner's involvement, respondent was having three telephone conversations per day with her child's assailant, and informing him that she was attempting to fool petitioner. The two even planned to move to Arizona—outside of the trial court's jurisdiction—after the conclusion of the case. The record speaks for itself and amply affirms the trial court's conclusion. Accordingly, we find that the trial court properly concluded that MCL712A.19b(3)(b)(*ii*) supported termination of respondent's parental rights.

The proofs similarly supported the trial court findings, pursuant to MCL 712A.19b(3)(g), that there was a reasonable expectation that respondent would not be able to provide proper care and custody within a reasonable time considering the children's ages. Respondent failed to care properly for her children, knowingly and repeatedly placing them alone with a sex offender. Although there was testimony that respondent should not have any relationships for two years so that she could focus on her self-improvement, respondent immediately engaged in a new relationship once she realized that the sex offender would likely have a long incarceration. She met her new partner through an online dating site, and they began living together after 45 days. Respondent argues that the trial court erred in concluding that this relationship was problematic because the individual did not have a criminal record and was not a sex offender. The second psychologist, however, testified that the relationship was "a recipe for disaster" and would only harm respondent's chances of making progress. Regardless of this man's ostensibly good character, we agree with the trial court that respondent's actions demonstrated that she would repeatedly place her self-interests above her children's safety, and that MCL 712A.19b(3)(g) supported termination of her parental rights.

## III. BEST-INTEREST DETERMINATION

Respondent next argues that the trial court clearly erred in finding that it was in the children's best interests to terminate respondent's parental rights. Again, we disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors,* 297 Mich App 35, 40; 823 NW2d 144 (2012). When determining best interests, the focus must be on the child, not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). The trial court may consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors,* 297 Mich App at 41-42 (internal citations omitted). It may also consider the likelihood that the child could be

concluded that respondent's reckless and self-interested actions demonstrated that she was not likely to be in a position to care properly for the children within a reasonable time. There is nothing to indicate that any additional evaluations would have changed this conclusion or the trial court's corresponding termination of respondent's parental rights. See *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008).

returned to the parent's home in the foreseeable future, and compliance with the case service plan. *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012), as well as evidence that the child is not safe with the parent, *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011). A best interest determination must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App at 90.

Although it is undisputed that the children were bonded to respondent, the trial court correctly concluded that the children's best interests would be better served by terminating respondent's parental rights. Respondent repeatedly placed her own need for companionship above her children's safety. Respondent exposed her two young daughters to a known sex offender. This man repeatedly abused one of the daughters, and respondent's other daughter witnessed some of the abuse. Respondent steadfastly insisted her daughter was lying, and conspired with her assailant to fool petitioner and the court.

Respondent's daughter reported that she had thoughts of self-harm and nightmares about the trauma. During her psychological evaluation, she stated that she would do anything to forget the time she spent with her mother and thought that most mothers were mean. She had concerns about her safety and showed clear signs of underlying depression. She did not wish to live with respondent.

Two mental health professionals opined that respondent exhibited mental health issues that could not be treated overnight. Respondent's mental health diagnoses, coupled with her refusal to take responsibility for her children's safety, indicated that she would be unable to provide for her children's proper care for the reasonably foreseeable future. Her daughter's trauma underscores the children's need for safety and permanency, and confirms that termination was in the children's' best interests.

Lastly, respondent argues that the record is inadequate to make a best interest determination because the trial court failed to consider explicitly the children's placement with their father, see *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), and failed to consider individually each child's best interests, see *In re Olive/Metts, Minors,* 297 Mich at 42. Both arguments are without merit. The record indicates that the trial court did expressly consider the children's placement with their father and whether he would be able to facilitate a healthy relationship between the children and respondent. Moreover, it was unnecessary for the lower court to address the children's best interests individually because their needs did not differ significantly. *In re White*, 303 Mich App 701, 715-716; 846 NW2d 61 (2014). The children were close in age, both had been placed in danger of sexual abuse, and both had a similar bond to respondent and their father. Most importantly, respondent's unwillingness to place her children's welfare over her own interests placed both children at a risk of harm if returned to respondent's care.

Affirmed.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell