*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HRT ENTERPRISES,

        Plaintiff/Counterdefendant-
        Appellant,

v

GRS CORPORATION and ROBERT PASEK,

        Defendants/Counterplaintiffs/Cross-
        Plaintiffs/Cross-Defendants-
        Appellees,

and

PETER ADAMO,

        Defendant/Counterplaintiff/Cross-
        Defendant/Third-Party Plaintiff-
        Appellee,

and

VINCENT SPICA,

        Defendant/Cross-Plaintiff,

and

JESSE BROWN, MATTHEW LOCRICCHIO, and
MICHIGAN SCRAP IT-SSM, LLC,

        Defendants/Cross-Defendants,

and

KARL THOMAS, KARL HORVATH, HEIN
RUSEAU, and MARK DEMOREST,

UNPUBLISHED
June 13, 2019

No. 341735
Wayne Circuit Court
LC No. 13-004700-CK

-1-

Third-Party Defendants.

---

Before:  SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Plaintiff/counterdefendant appeals as of right the December 8, 2017 trial court order awarding plaintiff minimal attorney fees in this contract dispute. Defendants/counterplaintiffs/cross-plaintiffs/cross-defendants GRS Corporation (GRS), and its president Robert Pasek, as well as defendant/counterplaintiff/cross-defendant/third-party plaintiff Peter Adamo (collectively, "defendants"), are the only remaining defendants subject to this appeal.[1]  We reverse and remand.

This case arises from a March 2013 agreement between plaintiff and GRS, under which GRS was to perform demolition services at property owned by plaintiff.  When GRS failed to perform under the contract, plaintiff filed suit.  On July 21, 2015, plaintiff and defendants entered into a consent judgment, ordering defendants to perform cleanup work at the property and pay plaintiff $32,500.  Paragraph 11 of the consent judgment also provided that "[i]f any motion or action is brought to enforce the consent judgment, the non-prevailing party shall pay the reasonable costs and attorney's fees incurred by the prevailing party."

Because of defendants' noncompliance with the consent judgment, plaintiff filed several motions from September 2015 to August 2016.  Plaintiff does not seek attorney fees on appeal for this period of time.  Rather, plaintiff's claim for attorney fees arises from work performed by its counsel after August 2016, which resulted in the trial court finding defendants in contempt of court on September 11, 2017.  On October 12, 2017, plaintiff filed a motion for damages, in the form of attorney fees and costs, pursuant to MCL 600.1721.[2]  The trial court denied the motion,[3]

---

[1] The claims against defendant/cross-plaintiff Vince Spica, defendants/cross-defendants Jesse Brown, Matthew Locricchio, and Michigan Scrap It-SSM, LLC, and third-party defendants Karl Thomas, Karl Horvath, Hein Ruseau, and Mark Demorest were all dismissed in the trial court.

[2] With respect to contempt proceedings, MCL 600.1721 provides:

> If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant.  The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury.

[3] Plaintiff's claims related to this ruling were dismissed from this appeal as untimely. *HRT Enterprises v GRS Corp*, unpublished order of the Court of Appeals, entered February 7, 2018 (Docket No. 341735).  This Court also denied plaintiff's subsequent delayed application for

but permitted plaintiff to file a second motion for attorney fees on the basis of the attorney fee provision in the consent judgment. Plaintiff filed another motion on November 10, 2017, requesting a total of $25,918.22 for attorney fees and costs. The trial court determined that plaintiff was only the prevailing party with respect to the motion that resulted in the court's finding of contempt on September 11, 2017, and awarded plaintiff $1,750 in attorney fees for the seven hours plaintiff's counsel appeared in court on that day.

On appeal, plaintiff argues that the attorney fee award was insufficient based on the plain language of the consent judgment. We agree.

The decision of the trial court whether to award attorney fees is reviewed for an abuse of discretion, as is the reasonableness of the fees awarded. *Teran v Rittley*, 313 Mich App 197, 208; 882 NW2d 181 (2015). An abuse of discretion occurs when the trial court selects a decision " 'outside the range of reasonable and principled outcomes.' " *Id*. (citation omitted). The trial court's findings of fact underlying the award are reviewed for clear error. *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009) (quotation marks and citation omitted). Underlying issues of law are reviewed de novo. *Teran*, 313 Mich App at 208. Plaintiff's entitlement to attorney fees depends on interpretation of the contractual language of the consent judgment, and contract interpretation is a question of law reviewed de novo on appeal. *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010).

Michigan follows the American rule regarding attorney fees, which provides that attorney fees may not be awarded except as provided by a statute, rule, or contractual provision. *Wyandotte Electric Supply Co v Electrical Technology Sys, Inc*, 499 Mich 127, 150; 881 NW2d 95 (2016). "A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). "A contract must be interpreted according to its plain and ordinary meaning." *Holmes v Holmes*, 281 Mich App 575, 593; 760 NW2d 300 (2008). When a contract is unambiguous, it is "not open to judicial construction and must be enforced as written." *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005) (emphasis omitted). The primary goal in interpreting a contract is to honor the intent of the parties. *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 491; 579 NW2d 411 (1998). Parties to a contract may agree to a provision requiring the breaching party "to pay the other side's attorney fees and such provisions are judicially enforceable." *Zeeland Farm Servs, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996). Such an award is considered an element of damages, rather than costs. *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007).

---

leave to appeal. *HRT Enterprises v GRS Corp*, unpublished order of the Court of Appeals, entered August 16, 2018 (Docket No. 343127).

As noted earlier, paragraph 11 of the consent judgment reads, "If any motion or action is brought to enforce the consent judgment, the non-prevailing party shall pay the reasonable costs and attorney's fees incurred by the prevailing party." It is undisputed that in order to recover attorney fees under this provision, the party seeking fees must be the prevailing party. A "prevailing party" is a legal term of art that must be construed according to its peculiar and appropriate meaning. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 563; 886 NW2d 113 (2016).

> A "prevailing party" is "[t]he party to a suit who successfully prosecutes the action . . ., prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered." For there to be a "prevailing party," there must have been a material and enforceable alteration of the legal relationship of the parties resulting from judicial imprimatur. [*Id.* (citations omitted; alteration in original).]

See also *Black's Law Dictionary* (10th ed), p 1298 (defining prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded").

The dispositive issue on appeal concerns the meaning of the term "any motion or action." Plaintiff argues that this term includes all of the work performed by counsel from September 2016, leading up to the trial court's finding of contempt on September 11, 2017, and thereafter, including fees incurred by plaintiff in attempting to resolve defendants' violations of the consent judgment without resorting to a motion to enforce the consent judgment. A "motion" is defined as "[a] written or oral application requesting a court to make a specified ruling or order." *Black's Law Dictionary* (10th ed).[4] An "action" is defined, in pertinent part, as "[a] civil or criminal judicial proceeding." *Id.* Although the definition of "action" also includes "[t]he process of doing something; conduct or behavior," *id.*, we reject plaintiff's contention that all efforts expended by its counsel to enforce the consent judgment were "actions" for which plaintiff could recover attorney fees. Such an interpretation would render the prevailing party requirement nugatory, as plaintiff could not be the prevailing party with respect to "action" that did not result in submission of an issue to a decision maker and a determination of that issue in plaintiff's favor. Thus, plaintiff was entitled to recover only those fees incurred in bringing a successful action or motion to enforce the consent judgment.

On June 30, 2017, plaintiff filed a motion to show cause why defendants should not be held in contempt. The trial court heard plaintiff's motion on August 4, 2017, and entered a show-cause order requiring defendants to appear for a hearing on September 11, 2017. After the September 11, 2017 hearing, the court entered an order finding defendants in contempt of court, issued bench warrants for Pasek and Adamo, and ordered them to appear on September 20, 2017.

---

[4] When a term is undefined in a contract, it is appropriate to consult a dictionary to determine its common and ordinary meaning. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 515; 773 NW2d 758 (2009).

Thus, plaintiff was clearly the prevailing party in this respect and, therefore, entitled to recover attorney fees incurred in bringing the motion.

Despite recognizing that plaintiff's prevailed in that motion, the trial court limited its award of attorney fees to the time plaintiff's counsel spent in court on September 11, 2017. This decision fell outside the range of reasonable and principled outcomes because the attorney fee provision in the parties' consent judgment does not limit the award of attorney fees to the hearing at which the party prevails. Procedurally, plaintiff could not have succeeded on its motion for an order to show cause had it not previously prepared, drafted, and filed the motion. Limiting plaintiff's recovery to the seven hours that plaintiff's counsel appeared in court was, therefore, an abuse of discretion. *Teran*, 313 Mich App at 208. Our review of the record indicates that plaintiff was also the prevailing party with respect to its November 10, 2017 motion for attorney fees. Although plaintiff was awarded far less in attorney fees than it requested, the propriety of attorney fees was decided in plaintiff's favor. Furthermore, because the requirement of attorney fees was included within the consent judgment, the time spent by plaintiff's counsel in bringing the motion was expended in a "motion or action . . . brought to enforce the consent judgment . . . ." Thus, on remand, the trial court should determine the fees plaintiff incurred as the prevailing party with respect to the June 30, 2017 and November 10, 2017 motions.

The trial court also abused its discretion by failing to determine whether the attorney fees requested were reasonable. Paragraph 11 of the consent judgment explicitly limits the prevailing party's recovery to *reasonable* costs and attorney fees. The framework set forth in *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008), is the prevailing standard for determining the reasonableness of requested attorney fees. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 278-279; 884 NW2d 257 (2016). Under the *Smith* framework, the trial court should begin by "determining the fee customarily charged in the locality for similar legal services" based upon "reliable surveys or other credible evidence of the legal market." *Smith*, 481 Mich at 530-531 (opinion by TAYLOR, C.J.). Next, "[t]his number should be multiplied by the reasonable number of hours expended in the case[.]" *Id*. at 531. In the case at hand, the number of hours must be limited to the reasonable hours expended in bringing a motion to enforce the consent judgment, in which plaintiff prevailed. The product of this calculation "should serve as the starting point for calculating a reasonable attorney fee." *Id*. Lastly, the trial court should consider the following nonexclusive list of factors to determine whether an upward or downward adjustment is appropriate:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Pirgu*, 499 Mich at 281-282 (summarizing overlapping factors addressed in *Smith*).]

Because the trial court failed to address the reasonableness of the attorney fees awarded under this framework, we remand for the trial court to conduct this analysis in the first instance. And although a trial court has discretion to deny an evidentiary hearing concerning the reasonableness of attorney fees where the record is sufficiently developed for the court's review, an evidentiary hearing is generally required when a party challenges the reasonableness of the attorney fees requested. *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002). Given the circumstances of the remand in this case and the trial court's duty to properly determine the reasonable attorney fees to which plaintiff is entitled, an evidentiary hearing may be appropriate.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica