*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEISNER LAW GROUP, PC,

        Plaintiff-Appellant,

v

HASSANE ABDUL-HAK,

        Defendant-Appellee.

UNPUBLISHED
October 09, 2024
9:54 AM

No. 366748
Wayne Circuit Court
LC No. 19-010081-CZ

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

In this collections action, plaintiff, Meisner Law Group, PC, appeals as of right the trial court's order granting plaintiff's motion for clarification. Plaintiff specifically challenges the amount of attorney fees the trial court awarded plaintiff and the trial court's failure to award plaintiff case evaluation sanctions. Plaintiff also argues that this case should be assigned to a different trial court judge on remand. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff previously represented defendant, Hassane Abdul-Hak, in a lawsuit involving defendant's condominium association (the "underlying case"). Defendant signed a fee agreement, agreeing, generally, to reimburse plaintiff for its representation and agreeing to be responsible for attorney fees and costs relating to any collections efforts. Plaintiff initiated this case after defendant failed to pay for plaintiff's representation in the underlying case, initially seeking $16,442.84 in attorney fees. A case evaluation panel awarded plaintiff $8,000, which both parties rejected. Plaintiff moved for summary disposition of its claims, and, after some protracted litigation, the trial court granted the motion, awarding plaintiff $18,104.43 in attorney fees and costs related to the underlying case.

As for attorney fees and costs associated with this collections action, plaintiff ultimately demanded $219,224.50 in attorney fees and $3,431.26 in costs. The trial court awarded plaintiff

$43,844.90 in attorney fees and $3,431.26 in costs. Plaintiff later moved under MCR 2.403(O),[1] claiming it was entitled to the entirety of its attorney fees and costs. The trial court rejected this motion. This appeal followed.

## II. ATTORNEY FEES

Plaintiff first argues the trial court erred by failing to follow this Court's precedent in *Elizabeth A Silverman, PC v Korn*, 339 Mich App 384; 984 NW2d 536 (2021) *(On Remand)*, and ordering full reimbursement of plaintiff's attorney fees and costs associated with this collections action. Alternatively, plaintiff claims the trial court's ultimate award of attorney fees and costs was unreasonable under the circumstances. We disagree.

## A. STANDARD OF REVIEW

"This Court reviews de novo . . . the proper interpretation and application of statutes and court rules[.]" *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018). This case also involves issues of contractual interpretation, which we similarly review de novo. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016).

> Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement. When interpreting a contract, our primary obligation is to give effect to the parties' intention at the time they entered into the contract. To do so, we examine the language of the contract according to its plain and ordinary meaning. If the contractual language is unambiguous, courts must interpret and enforce the contract as written[.] [*Id.* (quotation marks and citations omitted).]

A trial court's decision to award attorney fees is reviewed for an abuse of discretion, which occurs "when the decision resulted in an outcome falling outside the range of principled outcomes." *Silverman*, 339 Mich App at 388.

## B. LAW AND ANALYSIS

We begin with plaintiff's first argument under *Silverman*. In *Silverman*, the plaintiff represented the defendant in an underlying case. *Id.* at 386. It initiated a collections action after the defendant failed to pay the attorney fees and costs due from litigating the underlying case. *Id.* The plaintiff also alleged that, pursuant to its retainer agreement, the defendant owed attorney fees and costs related to the subsequent collections action. *Id.* at 386-387. On remand, this Court reasoned:

> The freedom of parties to contract as they see fit is a bedrock principle of American contract law, and the courts are to enforce the agreement as written absent some highly unusual circumstance, such as a contract in violation of law or

---

[1] At the time of plaintiff's case evaluation on February 20, 2020, this subsection was part of the court rule at issue. Further discussion about this difference will be addressed below.

public policy. And contractual fee-shifting provisions are an exception to the American rule that a party must bear its own litigation expenses. Consistently with these holdings, we find that the prerogative to contractually apportion responsibility for attorney fees extends to a law firm wishing to guarantee reimbursement for its own members' time actually devoted to litigating on behalf of the firm for outstanding fees. [*Id*. at 391 (quotation marks and citations omitted).]

On this basis, we concluded that the trial court did not err in ordering the defendant to pay attorney fees and costs related to the resulting collections action. *Id*. at 392.

Here, there is no dispute that the parties' fee agreement permits plaintiff to recover attorney fees and costs related to a collections action. The fee agreement states:

In the unlikely event that the Firm has to pursue the collection of its fees, the Firm will be entitled to all attorney's fees and costs incident to such collection by the Firm at the rates charged under this Agreement or such rates as may be charged by outside Counsel retained for such collection by the Firm.

Plaintiff incorrectly argues the trial court failed to comply with *Silverman*. *Silverman* stands for the simple proposition that parties may contract for attorney fees in collections actions. The trial court adhered to *Silverman* by concluding that the fee agreement allowed plaintiff to pursue attorney fees and costs relating to the collections action. It then awarded plaintiff attorney fees and costs on this basis.

This leads us to plaintiff's second argument challenging the *amount* of attorney fees and costs awarded and whether this amount was reasonable. Indeed, "recovery is limited to reasonable attorney fees." *Zeeland Farm Servs, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195-196; 555 NW2d 733 (1996). To determine the reasonableness of attorney fees, courts should "first determine the fee customarily charged in the locality for similar legal services[,]" and then "multiply that amount by the reasonable number of hours expended in the case." *Smith v Khouri*, 481 Mich 519, 537; 751 NW2d 472 (2008). After arriving at this figure, courts should then determine whether an adjustment is necessary. *Id*. at 531. To do this, courts should consider, among other possible factors, "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Id*. at 529 (quotation marks and citation omitted). "To facilitate appellate review, a trial court should briefly discuss its view of each factor on the record and justify the relevance and use of any additional factors." *Kidder v Pobursky-Kidder*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365527); slip op at 5.

The trial court's discussion of the factors in this case was as follows:

In this case, Plaintiff seeks costs in the amount of $3,431.26 and attorney fees in the amount of $219,224.50 for 682.20 hours of work provided by the firm to pursue the collection of the outstanding fee. The Fee Agreement sets forth the hourly rate for attorneys with a range of $275.00 to $350.00 and an hourly rate of $80.00 to $225.00 for paralegals, law clerks and other personnel in the firm. The

hourly rate sought by Meisner Law is within the hourly rate set forth in the Fee Agreement. Therefore, the Court finds that the hourly rate charged by Meisner Law to be reasonable.

As for the hours expended, Meisner Law claims it expended 682.20 hours of legal services to collect the outstanding debt from Defendant as of February 28, 2023. In its motion for entry of a final judgment, Meisner Law requested an additional $21,103.64 without any explanation as to the hours expended or basis for the request. With the entry of this final order, Meisner Law's motion for entry of a final judgment and unsupported request for additional fees is moot. Meisner Law's complaint was for Breach of Contract and Account Stated and, although the attorneys involved had a contentious relationship, the legal questions involved were not particularly complicated. The amount of the outstanding legal fees sought by Meisner Law was $16,442.84 and the Court awarded Plaintiff Meisner Law $18,104.43. Therefore, this Court finds that Meisner Law's request for $219,224.50 in attorney fees to be excessive and not reasonable. Accordingly, the Court reduces the amount sought by Meisner Law by 80%. The Court, therefore, awards Meisner Law $43,844.90 in attorney fees and $3,431.26 in costs for a total award of $47,276.16 and pursuant to the Fee Agreement Meisner Law is entitled to seven (7%) percent per annum.

Contrary to plaintiff's argument on appeal, the trial court "briefly" addressed each of the reasonableness factors to facilitate our review. *Kidder*, ___ Mich App at ___; slip op at 5. In addition, the trial court considered the additional factor that the $219,224.50 requested by plaintiff stood in stark contrast to the $16,442.84 originally sought. The trial court's assessment of plaintiff's request for attorney fees is supported by the record in this case. Indeed, the underlying case originated as a small-claims action by defendant's condominium association. Even plaintiff's attorney fees and costs associated with this case were substantially more than the original amount sought by the condominium association. This case then ballooned from there vis-à-vis plaintiff's collections action. It was therefore not unreasonable for the trial court to award a reduced amount, and there is no basis for our reversal given our highly deferential standard of review. *Silverman*, 339 Mich App at 388.

## III. CASE EVALUATION SANCTIONS

Plaintiff argues it was entitled to its "actual costs" under the former version of MCR 2.403(O). We disagree.

## A. STANDARD OF REVIEW

This issue concerns the retroactive nature of MCR 2.403 and whether the trial court should have applied the rule's former or present version. The retroactivity of an amended court rule is a question of law that we review de novo. See, e.g., *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011) ("We interpret court rules using the same principles that govern the interpretation of statutes."); *Jackson v Southfield Neighborhood Revitalization Initiative*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361397); slip op at 22 (reviewing the retroactivity of amended statutes de novo). Similarly, "[t]his Court reviews a trial court's decision

-4-

to award case evaluation sanctions de novo." *RAD Constr, Inc v Davis*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket Nos. 361177 and 363142); slip op at 8.

## B. LAW AND ANALYSIS

At the time of case evaluation, MCR 2.403(O)(1) provided:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

After the 2022 amendment to MCR 2.403, MCR 2.403(O) was removed, effective January 1, 2022. See 508 Mich clxiii. Thus, the issue before the trial court was what version of MCR 2.403 to apply.

The court rules themselves govern the application of former rules to pending cases:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice. [MCR 1.102.]

"[T]he norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules." *Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999) (quotation marks and citation omitted). "However, an injustice is not present merely because a different result would be reached under the new rules." *Id*. (quotation marks and citation omitted). "Rather, a new court rule would 'work injustice' where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules." *Id*. (some quotation marks omitted, citations omitted). "[T]he 'injustice' exception to MCR 1.102 must be applied narrowly and with restraint, such that the exception does not subsume the rule itself[.]" *Reitmeyer*, 237 Mich App at 345. There is no bright-line rule for determining when an amended or previous version of a rule applies. Instead, courts "must look more closely to the particular circumstances of the case at issue and at the purpose of the amendment." *Id*. at 342.

In finding that plaintiff was not entitled to attorney fees and costs under former MCR 2.403(O), the trial court explained:

> Plaintiff asks this Court to award case evaluation sanctions in costs and attorney fees incurred from March 5, 2020 to present. Plaintiff argues the Court should enforce the version of MCR 2.403 that was in effect when the parties participated in case evaluation on February 18, 2020. Under the previous version of MCR 2.403(O)(1), if both parties rejected the case evaluation award, a party was entitled to costs only if the verdict was more favorable to that party than the case

-5-

evaluation award. Additionally, MCR 2.403(O)(8) required a motion for costs to be filed and served 28 days after the entry of the judgment. MCR 2.304(O)(11) allowed the court, in the interest of justice, to refuse to award actual costs if the "verdict" was a judgment entered as a result of a ruling on a motion after rejection of the case evaluation award.

The original judgment in favor of Plaintiff, granting its motion for summary disposition, was entered on May 16, 2022. This Court entered a judgment in favor of Plaintiff for $18,104.43. Plaintiff then filed a motion for attorney fees and costs on June 2, 2022. Plaintiff did not request case evaluation costs in that motion. At the time the parties went to case evaluation, the version of MCR 2.403(O)(8) in effect stated a request for costs under this subrule must be filed and served within 28 days of the judgment. Plaintiff asks for case evaluation costs for the first time in this instant motion. As Plaintiff's instant Motion for Costs and Attorney Fees pursuant to MCR 2.403(O), filed on April 22, 2023, comes 11 months after judgment was entered in this case on May 16, 2022, Plaintiff's instant Motion for Costs and Attorney Fees is denied.

Further, at the time the parties went to case evaluation, the version of MCR 2.[403](O)(11) in effect stated the court can refuse to award costs, in the interest of justice, if the "verdict" was a judgment entered as a result of a ruling on a motion after rejection of the case evaluation award. On April [5], 2023, this Court granted Plaintiff's motion for attorney fees and costs filed on June 2, 2022. This Court awarded Plaintiff attorney fees & costs in the amount of $47,276.16 and 7% per annum pursuant to the Fee agreement. Plaintiff was already awarded attorney fees and cost[s] in the April [5], 2023 order and Plaintiff's attorney admitted during oral argument and the Court agrees that Plaintiff would not be entitled to a second award of attorney fees under MCR 2.[403](O). Therefore in the interest of justice, the Court will not award Plaintiff additional costs and attorney fees.

Although the trial court appears to have acknowledged that MCR 2.403 had been amended since the parties participated in case evaluation, the trial court failed to determine whether the current or prior version applied, choosing instead to analyze the situation solely under the former version. Because the trial court was required to apply the newly adopted version of MCR 2.403 absent a compelling reason to apply the old rule, *Reitmeyer*, 237 Mich App at 337, but it failed to assess "the particular circumstances of the case at issue and . . . the purpose of the amendment," *id*. at 342, before evaluating plaintiff's request for attorney fees and costs under MCR 2.403(O), its analysis was flawed.

That said, it is unnecessary to address plaintiff's contention that the trial court misapplied former MCR 2.403(O), because the current version of MCR 2.403 controlled, and did not entitle plaintiff to attorney fees and costs in the form of case evaluation sanctions. In June 2022, plaintiff moved for attorney fees and costs incurred in its collection action against defendant, in addition to the $18,104.43 awarded by the trial court in the May 2022 order. The trial court granted plaintiff's motion and awarded it a total judgment of $65,380.59, "comprised of $18,104.43 for legal services provided to Defendant Abdul-Rak and $47,276.16 in attorney fees and costs, with interest to accrue at the rate of seven percent (7%) per annum from the date of the filing of the Complaint." Despite

already receiving an award for attorney fees and costs, and acknowledging that MCR 2.403 had been amended to remove case evaluation sanctions, plaintiff still moved for attorney fees and costs under former MCR 2.403(O). But, at the motion hearing, plaintiff's counsel conceded that it would not be entitled to collect a duplicate award for attorney fees. Because plaintiff knew MCR 2.403 had been amended to eliminate case evaluation sanctions, admitted it would not be entitled to a duplicate award of attorney fees and costs, and was already seeking attorney fees and costs as a contractual remedy, there is no compelling reason to apply the former version of MCR 2.403. See *Reitmeyer*, 237 Mich App at 337. As such, the trial court's failure to determine which version of MCR 2.403 applied, and any misapplication of former MCR 2.403, was harmless because the current version of the court rule does not provide for case evaluation sanctions. See *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017) ("The trial court's error is harmless if it is not decisive to the case's outcome."); MCR 2.613(A).

Given the above conclusions, we need not consider whether the case should be assigned to a different trial court judge on remand.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett